**Thomas E. MOORE, Plaintiff (Respondent),**

v.

**QUALITY DAIRY COMPANY, a Corporation and Elmer T. Freese, Defendants (Appellants).**

**No. 32815.**

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1968.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 20, 1968.

Application to Transfer Denied April 8, 1968.

Gentry, Bryant & Sheppard, Robert Nagel Jones, St. Louis, for defendants-appellants.

Lashly, Neun & Watkins, Hiram W. Watkins, George W. Curran, St. Louis, for plaintiff-respondent.

MICHAEL F. GODFREY, Special Judge.

After a $15,000.00 jury award rendered against them in a personal injury and property damage action, and unavailing post trial motions, defendants have appealed to this Court assigning as error certain specifications which hereinafter will be considered. The parties here will be designated as they were in the trial court. Plaintiff submitted his case to the jury on defendants' (1) failure to keep a careful lookout or (2) failure to signal their intention to turn. From the facts adduced in evidence taken in the light required of us upon appeal, that is in light most favorable to plaintiff because of jury's verdict (Ewen v. Spence, Mo.App., 405 S.W.2d 521), it appears that on August 14, 1964, between 8:00 A.M. and 8:45 A.M. the plaintiff was riding his Triumph motorcycle in a westwardly direction in the 800 block on Hudson Road in St. Louis County, Missouri. This two lane roadway is approximately 36 feet wide with shoulders about 2 feet wide on each side. The surface was dry; the weather cloudy. Plaintiff first saw defendants' truck ahead of him proceeding west on Hudson Road when he was about 300 feet behind it. The truck was moving at a speed of 20 miles per hour and 2 feet south of the north edge of the road. At this point plaintiff was traveling 25 or 30 miles per hour and gaining on the truck. When plaintiff reached a point 40 or 50 feet from the truck he decided to pass and pulled out to the center of the road where "you might say an imaginary line would be" to see if the roadway was clear of oncoming traffic. He sounded his horn and proceeded forward observing that the truck driver gave no signal of an intention to turn. While in the center of the passing lane and accelerating his speed, as the front wheel of his motorcycle was about even with or five feet behind the rear wheel of the truck the latter began to turn left into a private driveway. A collision resulted and at the time of impact plaintiff was traveling 30 miles per hour and defendant 10 or 15 miles per hour. Defendant Freese, the truck driver, testified that he did not see or hear the motorcycle until he started to turn into the driveway and when it was two feet south of him. In response to

question by plaintiff who was still lying on the ground at the time as to why he had not signaled his intention to turn left he replied: "'Because I didn't see or hear you.'" Defendant Freese by looking into his rearview mirrors had a view to his rear of 150 feet and testified that he commenced looking in his rearview mirror when 50 yards back from the point of impact and continued to do so until he was 20 feet back from point where he began to turn. He testified that he may have given a signal of his intention to turn left although he couldn't "swear to it." Plaintiff sustained injuries with resultant attendant expenses. It is admitted that Freese was the agent and servant of Quality Dairy Company at the time and place.

■ Since Points I, VII, VIII, IX and XI of Defendants' Points relied on in their brief were not incorporated in their Motion for New Trial below these assignments of error are not properly before this Court for review because of waiver. Robbins v. Robbins, Mo., 328 S.W.2d 552; Marlo Coil Corp. v. Grand Park Corp., Mo.App., 348 S.W.2d 610. These assignments deal principally with admission of evidence and conflicting testimony of witness; we have carefully considered and reviewed the contentions raised therein and find that they lack merit. Yonke v. Alber's Estate, Mo. App., 351 S.W.2d 794.

In other assignments of error raised in Defendants' Points Relied On, which points are contrary to Rule 83.05(e) of the Rules of Civil Procedure, V.A.M.R. (Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587), the totality of various contentions raised seems to be directed to the question as to whether plaintiff adduced sufficient facts to present a jury issue.

■■ In determining this question the broad general principle is that the reviewing court must consider the evidence in the light most favorable to plaintiff and must accord him the benefit of all supporting inferences fairly and reasonably deducible therefrom and must disregard defendants' evidence unless it aids plaintiff's case. Martin v. Sherrell, Mo.App., 418 S.W.2d 209; Price v. Nicholson, Mo., 340 S.W.2d 1, 95 A.L.R.2d 599; Southwestern Bell Tel. Co. v. Chester A. Dean Const. Co., Mo., 370 S.W.2d 270. In approaching this contention a cursory factual review of the evidence shows that as plaintiff's motorcycle came within passing range of defendants' truck, and started to pass the truck on the left hand side after the horn had been sounded, the defendant Freese without prior warning or signal turned left intending to enter a private driveway and into plaintiff's path of travel and came into collision with plaintiff and his motorcycle. Defendant Freese admitted that he did not see or hear the plaintiff until at the time of the impact or shortly before although he could have seen 150 feet to his rear by use of the rearview mirror. With the facts of the case being in this posture, unquestionably a jury issue was presented, both on defendants' negligence and plaintiff's contributory negligence. In a comparably factual situation, Clark v. Quality Dairy Co., Mo., 400 S.W.2d 78, the trial court granted plaintiff a new trial after a verdict for defendant, which action of the court was upheld on appeal. Also see Dawson v. Scherff, Mo., 281 S.W.2d 825, a case of like import, on matter of submissibility.

■ Defendants, however, raise the question in their brief as to their duty and obligation under the law to keep a lookout to the rear, recognizing that such extends to a lookout ahead and laterally. That such a duty exists, according to the attendant facts and circumstances of the case appears clearly, and was so stated in Myers v. Searcy, Mo., 356 S.W.2d 59, at pages 62 and 63 as follows:

> "* * * 'The driver contemplating a left turn must keep a vigilant lookout for approaching vehicles, and also for vehicles which may be following him.'"

To like tenor on this point is the case of Dean v. Jackson, Mo.App., 370 S.W.2d 716.

As to defendants' duty to signal for a left turn, a dereliction of which may constitute negligence, see George v. Wheeler, Mo.App., 404 S.W.2d 426. The factual situation in that case bears close similarity to the facts here except the plaintiff there was the left turning vehicle and collided with defendant's car passing to her left. The court at pages 431 and 432 said:

"  *   *   * It is mandatory too—not just in some, but in all instances—to signal for a left turn. Failure to do so amounts to negligence. *   *   *"

■ The court points out in the Wheeler case that while there are no statutory provisions directly controlling left turning vehicles and their relationship with overtaking vehicles, yet from a scrutiny of the provisions of Chapter 304, Traffic Regulations, V.A.M.S. dealing with left turning vehicles, a "left-turning automobile driver might be said to have only secondary rights." If the duty exists, as it does on the part of left turning vehicles to yield the right of way at an intersection or private road to approaching traffic as provided in Section 304.021, Subsections 3 and 6, *a fortiori,* does such a duty rest on one intending to turn left into a private driveway while being overtaken by passing vehicle. Section 304.016, supra. The defendants owed plaintiff the duty both as to maintaining a lookout to their rear and as to their intention to turn left in front of plaintiff in order to comport with mandatory requirements resting on all drivers in this state to exercise the highest degree of care in the operation of their vehicles. See the recent case of Lands v. Boyster, Mo., 417 S.W.2d 942, where the court at page 945 said: " ' "The driver contemplating a left turn must keep a vigilant lookout *   *   * for vehicles which may be following him" ' "; Reed v. Shelly, Mo.App., 378 S.W.2d 291, 296 [6], ' *   *   * a driver who intends to turn left must make a proper ob-

servation to the rear to ascertain whether another vehicle is approaching from the rear in such close proximity that a left turn cannot be made with reasonable safety,' and 'then, he must give an appropriate signal of his intention to change direction.' "

Defendants next seem to contend that the testimony of witness Mueller, called in plaintiff's case, binds plaintiff and that therefore the fact was irrevocably established that defendants' truck struck plaintiff's right thigh and not the motorcycle of plaintiff. It is difficult to perceive what difference this would make in any event, however suffice it to say that plaintiff, having testified that the truck struck him while on the motorcycle any variance between his testimony and that of his witness must be resolved in his favor. Myers v. Karchmer Co., Mo., 313 S.W.2d 697; Ennis v. Korb, Mo., 347 S.W.2d 671; Dodwell v. Missouri Pac. R. Co., Mo., 384 S.W.2d 643, 11 A.L.R.3d 1156.

■ Defendants also seem to contend that since the evidence shows that the motorcycle struck the truck, and not vice versa, the plaintiff's case fails. This is an untenable position for no other reason than the fact that the case was submitted to the jury on defendants' failure to keep a lookout or failure to signal their intention to turn and not one of failure to stop. The issue as to who hit whom in such a situation has no probative bearing on the merits of this case. Lincoln v. Railway Exp. Agency, Inc., Mo., 359 S.W.2d 759; Ferdente v. St. Louis Public Service Co., Mo., 247 S.W.2d 773.

Defendants complain that the court erred in refusing to give to the jury their tendered Instruction "B." This instruction reads as follows:

" 'Your verdict must be for defendants if you believe:

First, both plaintiff and defendants were guilty of negligence; and,

Second, their negligence was mutual, joint and concurrent, and,

Third, plaintiff was damaged directly by such mutual, joint and concurrent negligence; and,

Fourth, the negligence of neither without the concurrent negligence of the other would have caused the damage.'"

The court did submit at defendants' request an instruction stating that the jury "'verdict must be for defendants, whether or not defendants were negligent'", thereafter setting out the issue of plaintiff's contributory negligence in "* * * failing to give defendants an adequate and timely signal of his intention to pass the truck or plaintiff following too closely."

It at once is apparent that the refused instruction is not incorporated in the Missouri Approved Jury Instructions (MAI).

■ Before passing to a consideration of the merits of this instruction it should be noted that Rule 70.01(b) of the Rules of Civil Procedure provide that whenever Missouri Approved Instructions contains an instruction applicable in a particular case, when requested by counsel or which the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject. In Martin v. Yeoham, Mo.App., 419 S.W.2d 937, 947, this was observed: "It is the basic theory underlying the use of MAI that when an approved instruction is applicable it must be given to the exclusion of any other instruction. Unless this tenet is observed, the MAI procedure cannot be successful. * * *"

■ An analysis of this instruction reveals that it permitted the jury to find nonliability if (1) plaintiff was negligent, (2) plaintiff's negligence was concurrent with defendants, (3) plaintiff was damaged directly by such negligence, (4) plaintiff's negligence without concurrent negligence of defendant would not have caused the damage. Nowhere in this instruction is the jury told, nor therein referred to other instructions for determination, as to what acts or omissions on plaintiff's part might be con-

sidered "negligence." This instruction is erroneous for failure to set out a format for jury guidance and consideration, leaving whatever the jury may wish to speculate on as constituting negligence and giving it a vitiating roving commission. In Carson v. Evans, 351 Mo. 376, 173 S.W.2d 30, l. c. 32 the court said:

"It is the settled rule that an instruction purporting to cover the whole case and authorize a verdict should require the finding of all the facts necessary to sustain the verdict. Negligence being usually a question for the jury, an instruction should set out the facts, supported by the evidence, relied on to show the acts of negligence so the jury may determine whether or not the commission of such acts was negligence. * * * Accordingly, plaintiff's instruction is erroneous for the reason it fails to hypothesize the facts."

While the MAI have altered the former requirement of detailed hypothesization of facts yet the necessity remains for submitting the ultimate fact issues for jury consideration. There has not been an emasculation of the requirement for submission of ultimate fact issues such as this refused instruction would espouse. In Pollard v. General Elevator Engineering Company, Mo., 416 S.W.2d 90, the defendant, in its contributory negligence instruction, after specifying specific acts of negligence, provided in paragraph Second "plaintiff's conduct was negligent." The trial court granted a new trial on the grounds that the proscribed roving commission was thus given the jury by such paragraph, which action was affirmed on appeal.

In Harris v. Quality Dairy Company, Mo. App., 423 S.W.2d 8, this court approved the refusal of an instruction somewhat similar to, but less objectionable than, defendants' Instruction "B", pointing out "* * * that the better practice is to give only one instruction fully and clearly covering the subject of contributory negligence than to give a number of instructions with useless repeti-

tions using the term concurrent, etc., * * *." The trial court was correct in refusing the proffered instruction, as defendants' contributory negligence instruction, above noted, adequately insured them of a fair trial. Refer also to Hawkeye-Security Ins. Co. v. Thomas Grain Fumigant Co., Mo.App., 407 S.W.2d 622, 630.

Next defendants contend that the trial court erred in refusing to give to the jury Instruction "C", which required a verdict for defendants if plaintiff " * * * failed to have his motorcycle under such control as would have enabled him to stop or swerve in time to have avoided his coming into contact with the (defendants') truck * * *." Assuming, without deciding, that there was an evidentiary basis for submission of this instruction to the jury, the court did not err in refusing to give it. In addition to what has been said above pertaining to instructions generally, in Miles v. Gaddy, Mo., 357 S.W.2d 897, l. c. 900, the court condemned the giving of instructions containing "control" submission in the following language: "For at least thirty years the decisions of this court, both en banc and in division, have criticized and condemned instructions for submitting the failure to *control* a motor vehicle as a ground of specific negligence. * * *" On page 901 thereof the court goes on to say: "In Thompson v. Gipson, Mo., 277 S.W.2d 527, 531 [6], the giving of a 'control' instruction in conjunction with one on specific negligence in the same case was held to be error * * *."

■ While in the instant case the refused instruction did mention certain acts of specific negligence springing from the lack of control, the vice inherent generally in such instructions, as noted, pervaded this instruction rendering it erroneous. The MAI having failed to provide for a "control" submission, this Geryonian verbiage should disappear from jury instructions and finally be laid to rest. What was said in Nugent v. Hamilton & Son, Inc., Mo., 417 S.W.2d 939, with reference to giving of multiple instructions violating the "letter and spirit" of MAI equally applies here.

Defendants next assignment of error concerns the admission of certain testimony read into evidence by plaintiff from defendant Freese's deposition. After reading portions of the Freese deposition leading up to the subject of rearview mirrors on the truck the following occurred:

" 'Question: Would you tell me where these are located?'

'Well, let's see, one is on the driver's side and one is on the other side. There is two, you know, one on each side.'

'About how big is this mirror? Would you just generally describe it for me? Answer: Well, they are about, oh, I'd say they were about that big around.'

'Question: You are indicating they are round? Answer: They were round. Now they got long wide ones on there.' "

■ The defendants moved to strike the answer and asked for a mistrial. The court struck the latter part of the answer and instructed the jury to disregard it, but overruled the motion for mistrial. Defendants contend that this testimony showed a change in conditions of the rearview mirrors of the truck after the accident and therefore was prohibitory and inadmissible, citing Atcheson v. Braniff Intern. Airways, Mo., 327 S.W.2d 112, and Brule v. Mayflower Apartments Co., Mo.App., 113 S.W.2d 1058. Neither case is in point for the reason that in those cases the change went to the heart or main issue in the case whereas here, at best, the said change was secondary or ancillary to the main charges of negligence. In the former a chain was erected across a passageway to prevent passage and in the latter a post which fell and injured plaintiff was removed a week later. The volunteered answer by Freese "now they got long wide ones on there" to a proper question, was not prejudicial to the defendants so as to require the granting of a mistrial. The objectionable part of this answer, when con-

sidered in conjunction with Freese's testimony with regard to lookout and fact that he never saw plaintiff until shortly before the impact demonstrate its harmless effect.

Plaintiff in his brief states that in the absence of an objection to the question and answer at the time the deposition was taken, a waiver thereby was effected, citing Rule 57.48(c) (2) of the Rules of Civil Procedure, which is patterned after Rule 32 of the Federal Rules of Civil Procedure. The federal cases cited by plaintiff, one being Cordle v. Allied Chemical Corp. (6th Circuit), 309 F.2d 821, construing the last mentioned rule do appear to bear out plaintiff's contention, however it is unnecessary to decide whether the construction to be placed upon Rule 57.48 of our Rules of Civil Procedure would coincide with that of the Federal Rule 32. Suffice it to say that the propriety of withholding the defendants' requested relief was peculiarly within the discretion of the trial Judge, the exercise of which will not be disturbed in the absence of clear abuse and patent adverse affects on the merits of the case. Rawley v. Eilermann Transfer Co., Mo.App., 390 S.W.2d 937, 942; Buff v. Loch, Mo.App., 396 S.W.2d 263, 267; Section 512.160(2), RSMo 1959, V.A.M.S., and Civil Rule 83.13(b), V.A.M.S.

Next, defendants complain that the testimony of plaintiff's doctors went beyond the bounds of legitimate description of plaintiff's injury and resulted in prejudicial error.

Before considering the merits of this assignment, we should note that plaintiff sustained a fracture of shaft of right tibia and fracture of right fibula in his leg. Defendants do not claim in this court that the verdict is excessive. It would unduly lengthen this opinion to go into minute detail concerning this phase of the evidence, however, we have carefully reviewed the medical testimony in this regard and do not find it vulnerable to the attacks made upon it. Particularly is this true where the trial court has ruled upon the effect of such testimony and found no error. Taylor v. Kansas City Southern Ry. Co., 364 Mo. 693, 266 S.W.2d 732, 736; Happy v. Walz, Mo.App., 244 S.W.2d 380, 383.

Defendants next contend that the court should have stricken the testimony of one of plaintiff's medical witnesses because his prognosis of plaintiff's injuries was based on "medical guesses." Actually the doctor, upon prompting by defendants' attorney, stated that medical science, because it is a "lack" science, has to deal in uncertainties and percentages. We do not believe that the connotation in which the word "guess" was used brings it within the proscribed ambit of lack of probity and valueless evidence, not helpful to the jury, nor on which that body might rely. Denney v. Spot Martin, Inc., Mo.App., 328 S.W.2d 399; Stephens v. Guffey, Mo., 409 S.W.2d 62; Lands v. Boyster, Mo., 417 S.W.2d 942; Immekus v. Quigg, Mo.App., 406 S.W.2d 298. The trial court ruled the point correctly.

Next, defendants contend that it was error for the court to allow plaintiff's counsel to argue the limited size of the rearview mirror on the truck as this factor pertained to or bore on the duty of defendants to keep a lookout to the rear. We are of the opinion that this was proper subject for argument, recognizing that a vast discretion resides in the trial court in matters of this nature, and that counsel is allowed wide latitude in argument and in drawing inferences, even though the inferences drawn are illogical or erroneous. Triplett v. St. Louis Public Service Co., Mo.App., 372 S.W.2d 515; Eickmann v. St. Louis Public Service Co., Mo., 323 S.W.2d 802, 810; Griffith v. Gardner, 358 Mo. 859, 217 S.W.2d 519; Goins v. O'Keefe, Mo.App., 412 S.W.2d 513.

Finally, defendants contend that conceding for the moment that the plaintiff made a submissible case against Quality Dairy Company, none however, was made against Defendant Freese as he could not be held

liable for the furnishing of a truck with inadequate rearview mirrors. This contention is fallacious and overlooks the fact that it was Freese who was driving the dairy truck and it was Freese who failed to keep the requisite lookout to his rear and who failed to signal his intention to turn left into a private driveway.

For the above and foregoing reasons the judgment of the Circuit Court is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.