STATE of Missouri, Respondent,

v.

Tracy DENNIS, Appellant.

No. ED 93437.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 13, 2010.

Brocca Smith, Saint Louis, MO, for Appellant.

Anthony S. Bruning Jr., Circuit Attorney's Office, Saint Louis, MO, for Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Tracy Dennis appeals the judgment entered upon a jury verdict convicting him of two counts of misdemeanor assault of a law enforcement officer. We affirm.

### I. BACKGROUND

On August 14, 2008, at 1:45 a.m., Police Officer Alonzo Wilkerson stopped Dennis for loitering. During the officer's ques-

tioning, Dennis mentioned he had an outstanding warrant. With the assistance of Officer Steven Tucker, Officer Wilkerson took Dennis to the Central Patrol Station. Once at the station, a struggle ensued between Dennis and the officers. Dennis was charged with two counts of misdemeanor assault of a law enforcement officer for pushing both officers during this struggle.

In the instant case, the State filed a motion in limine asking the court to prohibit defense counsel from eliciting testimony regarding cameras in the Central Patrol Station's holdover area.[1] The State argued the evidence was confusing to the jury and unduly prejudicial to the State because it created a belief that the State was keeping evidence from the jury. Over defense counsel's objection the trial judge granted the motion. The jury convicted Dennis on both counts. Dennis now appeals.

## II. DISCUSSION

■ In Dennis's sole point on appeal, he alleges the trial court erred in granting the State's motion in limine and excluding evidence of cameras in the police station. Dennis argues that evidence of cameras in the police station is both logically and legally relevant to his case.

■ We review the trial court's decision whether to admit evidence for abuse of discretion.[2] *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). A trial court has broad discretion to admit or exclude evidence at trial. *Id.* A trial court abuses its discretion when a decision "is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Id.* If reasonable persons can disagree about the propriety of the trial court's ruling, the trial court did not abuse its discretion. *State v. Raines*, 118 S.W.3d 205, 209 (Mo.App. W.D.2003).

■ "Evidence is admissible if it is logically and legally relevant." *State v. Crow*, 63 S.W.3d 270, 274 (Mo.App. W.D. 2001). Evidence is logically relevant "if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or if it tends to corroborate evidence which itself is relevant and bears on the principal issue of the case." *State v. Tisius*, 92 S.W.3d 751, 760 (Mo. banc 2002). Legal relevance requires that the probative value of the evidence must outweigh its prejudicial effect. *State v. Anderson*, 76 S.W.3d 275, 276 (Mo. banc 2002).

In this case, the trial court concluded the evidence of the presence of cameras

1. Due to unique circumstances, the parties and the trial judge were already aware of what the proffered evidence would be. The day before the trial at issue in this case, Dennis was tried on a separate charge of assault of a law enforcement officer for events that occurred at the same patrol station. The same attorneys represented Dennis and the State in both cases and both cases had the same judge presiding over the disputes. At the first trial, Dennis testified regarding the presence of cameras in the Central Patrol Station's holdover area. In response to this testimony, the State called an officer to testify that although there were cameras in the sta-

tion, these cameras were old and outdated and never recorded or operated.

2. The State argues Dennis failed to preserve his point for appellate review and this Court should only review for plain error. However, we find it unnecessary to determine whether the issue was properly preserved for appeal because even under the abuse of discretion standard Dennis's conviction must be affirmed. Upon a finding of no abuse of discretion, it logically follows that there is no plain error committed by the trial court. *See State v. Schneider*, 736 S.W.2d 392, 398 (Mo. banc 1987).

was inadmissible because the risk of confusing or misleading the jury outweighed the probative value of the evidence. We find no abuse of discretion. Point denied.

## III. CONCLUSION

The judgment is affirmed.