**Silvia MORALES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93729.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 2010.

Stacey Sullivan Rosenberger, Special State Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Karen L. Kramer, Assistant Attorney General, for respondent.

## KENNETH M. ROMINES, J.
### Factual and Procedural Background

On 8 March 2007, Appellant was convicted by a jury of Abuse of a Child—Serious Emotional Injury, a B felony. § 568.060 [1]. The case stems from abuse inflicted on A.M., Appellant's son, by Appellant and her boyfriend. Appellant and boyfriend beat A.M. with sticks, switches with thorns, electrical cords, shoes, hands, and a plastic stick used to open blinds. Additionally Appellant abused A.M. by forcing him to kneel on wooden board covered in bottle caps, and locking A.M. in a room with no lights and no food for hours at a time. Appellant was sentenced to twelve years in prison per the jury's recommendation. This Court affirmed Appellant's direct appeal of her conviction and sentence. *State v. Morales*, 254 S.W.3d 903 (Mo.App. E.D.2008).

On 3 September 2008, Appellant filed a Motion to Vacate, Set Aside or Correct Judgment or Sentence pursuant to Rule 29.15 of the Rules of Criminal Procedure. Appellant raised three points of error in her motion. On 24 April 2009, the motion court denied Appellant's motion without an evidentiary hearing. We Affirm.

### Discussion

■■■ This Court reviews the findings and conclusions of the motion court under Rule 29.15 for clear error. Supreme Court Rule 29.15. The motion court's findings and conclusions are clearly erroneous only if review of the record as a whole leaves this Court with the firm and definite impression that a mistake has been made. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo.

banc 1996), cert. denied, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). On review, the motion court's findings of fact and conclusions of law are presumptively correct. *Wooldridge v. State*, 239 S.W.3d 151, 154 (Mo.App. E.D.2007).

Appellant is entitled to an evidentiary hearing on a Rule 29.15 motion *only if:* 1) the motion alleges facts, not conclusions, warranting relief; 2) the alleged facts are not refuted by the record; and 3) the matter complained of resulted in prejudice against the movant. Supreme Court Rule 29.15; *Dickerson v. State*, 269 S.W.3d 889, 892 (Mo. banc 2008). With respect to a claim for ineffective assistance of counsel, Appellant must allege facts that: 1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and 2) that movant was prejudiced by that failure. *Dickerson v. State*, 269 S.W.3d at 892 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Movant is prejudiced if, but for counsel's poor performance, there is a reasonable probability the outcome of the proceeding would have been different. *Jackson v. State*, 205 S.W.3d 282, 285 (Mo.App. E.D.2006). It is presumed that counsel acted professionally and any challenged action was part of counsel's reasonable trial strategy. *Id.*

### I

■■■ In her first point on appeal, Appellant claims that trial counsel was ineffective for failing to object to the certification of State's witness Dr. Levin. Dr. Levin is a psychologist who examined A.M. at the request of the State. Dr. Levin diagnosed A.M. with post-traumatic stress syndrome resulting from child abuse. His diagnosis

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

was based on I.Q. and personality tests he had administered to A.M.

Appellant's point fails the first prong of the *Strickland* test. Counsel is not ineffective for failing to make a non-meritorious objection. *Storey v. State,* 175 S.W.3d 116, 132 (Mo. banc 2005). The record shows that there is an overwhelming likelihood Dr. Levin would have been allowed as an expert even if Appellant's trial counsel had objected. To qualify as an expert, a witness needs to have some knowledge or skill from education or experience that will aid the trier of fact. *State v. Blakey,* 203 S.W.3d 806, 816 (Mo.App. S.D.2006). The extent of the expert's training or experience goes to the weight the testimony should be given, not the admissibility. *Id.* Dr. Levin's background demonstrates his competency as an expert witness in this field. He has been a clinical psychologist for 16 years, has conducted over 1700 psychological evaluations where there have been questions of abuse or neglect and has testified over 100 times as an expert witness. Additionally, this Court, on direct appeal, found that Dr. Levin was qualified as an expert witness. *State v. Morales,* 254 S.W.3d 903 (Mo.App. E.D.2008).

Appellant's argument that Dr. Levin would not have been certified as an expert had counsel objected rests on the fact that Levin had most often been certified as an expert in family court. Appellant argues that because the standard of proof for conviction is lower in family court then in criminal court, the standard for certifying experts is lower, and as such, the court would not have considered Levin previous certifications in family court in deciding whether he was qualified to testify in this case. Appellant confuses the standard for conviction with the standard to qualify as an expert witness. The standard of proof for conviction is irrelevant when certifying an expert. The sole question is whether the witness satisfies the test articulated above, i.e. knowledge/skill that will aid the trier of fact. Dr. Levin was more than qualified under that test. Point denied.

## II

On her second point, Appellant claims that trial counsel was ineffective for failing to object to hearsay and speculative statements made by Dr. Levin. As to hearsay, Appellant doesn't preserve this issue for appeal because she fails to identify any statements in the legal file or transcript that violate the rule against hearsay. To preserve an issue for review, Appellant must provide specific page references in the legal file or transcript. *McMullin v. Borgers,* 806 S.W.2d 724, 730 (Mo.App. E.D.1991). Failure to do so is fatal. *Id.*

As to the speculative statements, Appellant argues that trial counsel was ineffective for failing to object to statements made by Dr. Levin about his "gut feeling" and his "best guess." Appellant fails to identify any meritorious objection counsel might have made. Simply using the word "guess" doesn't not make the testimony of an expert useless. *Moore v. Quality Dairy Co.,* 425 S.W.2d 261, 268 (Mo.App.1968). Such testimony is still admissible and the jury may rely on it. *Id.* Counsel would not have prevailed on an objection to these statements as they were matters of opinion within the witness' area of expertise.

Appellant also claims that counsel was ineffective for failing to object to Dr. Levin's conclusion that A.M. was abused because Levin did not state that his opinion was to a reasonable degree of medical or psychological certainty. § 556.061(27) requires that a finding of "serious emotional injury" be established

by testimony of a qualified expert to a "reasonable degree of medical of psychological certainty." In determining whether the expert's opinion is rendered with the required degree of certainty, the court should look at the testimony as a whole. The trial court found that Dr. Levin's testimony was logical and necessary. Since Appellant would not have prevailed on an objection to Dr. Levin's conclusion, she was not prejudiced by counsel's failure to make such an objection.

Appellant fails to allege facts that her counsel acted unreasonably or that those actions changed the outcome of her trial, she was not entitled to an evidentiary hearing. Point denied.

## III

Appellant's final argument is that appellate counsel was ineffective for failing to argue that the trial court erred in allowing Brenda Mueller to testify regarding A.M.'s serious emotional injury. Brenda Mueller was A.M.'s foster mother. At trial Appellant objected to her testimony. The prosecutor argued that A.M.'s behavior in the foster home needed to be included to show the continuing effects of the abuse A.M. suffered. The trial court overruled Appellant's objection and allowed Mueller to testify.

Appellate counsel need not raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). A trial court has broad discretion to admit or exclude evidence at trial. *State v. Dennis*, 315 S.W.3d 767, 768 (Mo.App. E.D.2010). If reasonable persons can disagree about the propriety of the trial court's ruling, the trial court did not abuse its discretion. *Id.* Appellant argues that Mueller should not have been allowed to testify regarding

A.M.'s emotional sufferings because § 556.061(27) requires that emotional suffering be proven by expert testimony. Serious emotional injury "s hall be established by testimony of qualified experts upon the reasonable expectation of probable harm to a reasonable degree of medical or psychological certainty." § 556.061(27). While this statute requires emotional injury to be established by experts *it does not preclude* the testimony of a non-expert on the topic. Mueller's daily interaction with A.M. as his foster parent was not "highly prejudicial" as appellant claims.

Even if Mueller's testimony was improperly admitted, in order to warrant reversal the admitted evidence must be so prejudicial that it is outcome determinative. *State v. Barriner*, 34 S.W.3d 139, 150 (Mo. banc 2000). Evidence is only outcome determinative when it so influenced the jury that, when considered with and balanced against all the properly admitted evidence, there is a reasonable probability that the jury would have acquitted but for the erroneously admitted evidence. *State v. Black*, 50 S.W.3d 778, 786 (Mo. banc 2001). There was ample expert testimony for the jury to convict Appellant. Any claim Appellate counsel might have raised on direct appeal regarding Mueller's testimony would not have required reversal. Point denied.

## Conclusion

The motion court did not clearly err in denying Appellant's Rule 29.15 request for post-conviction relief. We affirm.

ROY L. RICHTER, C.J., and STEPHEN K. WILLCOX, Sp., J., concur.