**STATE of Missouri, Respondent,**

v.

**Jameel RASHEED, Appellant.**

**No. ED 94226.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 12, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 24, 2011.

Application for Transfer Denied
June 28, 2011.

Andrew Zleit, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., James B. Farnsworth, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

## Introduction

Jameel Rasheed (Rasheed) appeals from a sentence and judgment of conviction for drug trafficking in the second degree and possession of a controlled substance. He asserts the trial court erred in admitting evidence of his guilty plea in federal court to the same charges, in overruling his objection to a statement by the State during closing arguments, and in overruling his motions to suppress statements and evidence. We affirm.

## Background

Rasheed was charged as a prior and persistent offender with the class A felony of trafficking cocaine base (crack) in the second degree, and the class C felony of possession of methylenedioxymethamphetamine (ecstasy). Before the state-court trial, Rasheed was charged in federal court with possession and intent to distribute a controlled substance, stemming from the same facts. He pleaded guilty to the federal charges in March 2008.

Before the November 2009 state-court trial, Rasheed moved to suppress both the drugs seized at his arrest and his confession. The motion to suppress the evidence was taken with the case, and, after a hearing, the motion to suppress the confession was denied. At trial, the State read excerpts from Rasheed's federal plea and plea transcript into the record. The jury convicted Rasheed on both counts. Rasheed moved for acquittal or in the alternative for a new trial. The trial court sentenced Rasheed to 10 years imprisonment on each count, to be served concurrently with each other and the federal sentence. This appeal follows.

## Discussion

### Point I

In his first point on appeal, Rasheed argues that the trial court abused its discretion in admitting evidence of Rasheed's guilty plea in federal court stemming from the same acts, because the trial court did not have enough evidence before it to counter his assertions that the federal plea was not knowingly, intelligently, and voluntarily entered. Specifically, he asserts his counsel in federal court was ineffective for failing to inform him that his plea could be used against him in state court. We disagree.

This court reviews for abuse of discretion a trial court's decision of whether to admit evidence. *State v. Dennis,* 315 S.W.3d 767, 768 (Mo.App. E.D.2010). A trial court has broad discretion to admit or exclude evidence at trial and its decision will not be disturbed absent a clear abuse of discretion. *Id.* A trial court abuses its discretion when its decision is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. *Ferry v. Ferry,* 327 S.W.3d 599, 602 (Mo.App. E.D.2010).

"A voluntary plea of guilty is a solemn confession of the truth of the charge to which it is entered, and proof of such a plea would ordinarily be competent as an admission of the accused in any subsequent proceeding in which it might be relevant and in which the occasion for reference to it might arise." *State v. Hadley,* 249 S.W.2d 857, 860 (Mo.1952); *see also United States v. Holmes,* 794 F.2d 345, 349 (8th Cir.1986) ("[a] guilty plea is

admissible in a subsequent collateral criminal trial as evidence of an admission by a party opponent"). The key test for admissibility of a previous guilty plea is whether the plea was voluntary. *State v. Long*, 324 Mo. 205, 22 S.W.2d 809, 813 (1929).

For a plea to be voluntary, the defendant must be made aware of the direct consequences of the plea. *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999) (citing *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A defendant does not, however, have the right to be informed of the collateral consequences of his guilty plea.[1] *Johnson v. State*, 318 S.W.3d 313, 317 (Mo. App. E.D.2010) (citation omitted); *see also George v. Black*, 732 F.2d 108, 110 (8th Cir.1984).

Direct consequences are set forth in Mo. R.Crim. P. 24.02(b) and include the nature of the charges, the maximum possible and mandatory minimum penalties, the right to be represented by an attorney, the right not to plead guilty, and the defendant's waiver of all trial rights if he pleads guilty. Mo. R.Crim. P. 24.02(b)(1)–(4); *Copas v. State*, 15 S.W.3d 49, 54–55 (Mo.App. W.D. 2000) (Rule 24.02(b) provides list of direct consequences; no error when court did not inform defendant of right not included in Rule or developed case law); *see also* Fed.

R.Crim.P. 11(b)(1) (before court accepts plea of guilty, court must inform defendant of certain consequences of plea, including all above listed).

In addition, case law reveals that direct consequences are ones that "definitely, immediately, and largely automatically" follow the entry of a plea of guilty. *Johnson*, 318 S.W.3d at 317; *Weston v. State*, 2 S.W.3d 111, 115–16 (Mo.App. W.D. 1999); see also *George*, 732 F.2d at 110. By contrast, collateral consequences are those that do not follow automatically from the guilty plea. *Pettis v. State*, 212 S.W.3d 189, 193–94 (Mo.App. W.D.2007); *see also* Black's Law Dictionary 255 (7th ed.1999) (collateral consequences are penalties in addition to those included in criminal sentence). The question here, then, is whether using a federal-court guilty plea in a subsequent state-court prosecution stemming from the same offense is a direct or collateral consequence.

We find the analysis set forth in *United States v. Williams*, 104 F.3d 213 (8th Cir.1997) persuasive, and we conclude that the subsequent use of a guilty plea is a collateral consequence. In *United States v. Williams*, Williams was prosecuted in state and federal courts for the same inci-

1. The United States Supreme Court's recent decision in *Padilla v. Kentucky*, — U.S. —, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), appears to have no bearing on our decision in this case. *Padilla* held that counsel must inform the defendant whether a plea carries the risk of deportation, and this holding has not, as of yet, been expanded beyond deportation by the United States Supreme Court. Rather, the United States District Court, Eastern District of Missouri has specifically declined to extend *Padilla*. *Maxwell v. Larkins*, 2010 WL 2680333, at *9–10 (E.D.Mo. July 1, 2010) (involving trial court's failure to inform defendant of potential civil commitment under Sexually Violent Predator Act). We acknowledge the concurring and dissenting opinions in the Missouri Supreme Court's recent decision in *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011), but note that the majority opinion does not address the question of whether *Padilla* will be expanded from the immigration arena by the Missouri Supreme Court. Even if some further collateral consequences could be subject to the analysis set forth in *Padilla*, our ruling in this case would remain the same. The use of a federal-court guilty plea in a separate state proceeding is less a "practically inevitable" consequence of that plea, than a rare result of concurrent federal and state prosecutions. *Padilla*, 130 S.Ct. at 1478–82 (noting that under current law, deportation is more or less an automatic consequence of certain convictions).

dent of drug and weapon activity. *Id.* at 214. He challenged the district court's admission of his state-court guilty plea, asserting that his plea was involuntary because he had not been informed that it might be used against him in a subsequent federal prosecution. The *Williams* court found that the subsequent use of his state-court plea was not a direct consequence, and thus his plea was voluntary and admissible. *Id.* at 216–17. *Williams* looked to *United States v. Long*, 852 F.2d 975 (7th Cir.1988), for the concept that "state and federal systems are separate and distinct, and the defendant need only be informed of the direct consequences he may face within the particular system." *Williams*, 104 F.3d at 216–17 (quoting *Long*, 852 F.2d at 979). Therefore, one court is not obligated to inform the defendant about his potential liability in a separate judicial system.[2] *Williams*, 104 F.3d at 216–17.

▮ Because the possibility that one's guilty plea may be used in a subsequent prosecution in a different jurisdiction is a collateral consequence, Rasheed's federal counsel did not have a duty to inform him that his plea could be used in state court. Without this duty, Rasheed's counsel was not, in this regard, ineffective. *Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth two-part test for ineffective assistance of counsel); *see also Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). We cannot find that Rasheed has asserted any other grounds for ineffectiveness, and we limit our analysis accordingly. Further, the record does not show that Rasheed has challenged his guilty plea in federal court. *See* Fed. R.App. P. 4(b); 28 U.S.C. § 2255.

Our review of Rasheed's federal plea reveals that he was informed of the direct consequences of his plea, and that his plea was voluntary. The federal plea was entered pursuant to a written plea agreement in which he acknowledged his admission to St. Louis detectives that he was in possession of crack and ecstasy, and that he intended to distribute the crack to another person. Likewise, at Rasheed's federal plea hearing, the district court accepted Rasheed's guilty plea after conducting a full Rule 11 colloquy in which the court confirmed: (1) that Rasheed understood, inter alia, the perjury implications of his plea, his right to plead not guilty, that his plea waived his right to a jury trial with all its attendant rights, his right to be represented by counsel, the nature of the charges against him, the maximum penalties, and the mandatory minimum penalty; (2) that the plea was voluntary, in that he had read and discussed the plea agreement with his attorney and he had not received any promises or threats; and (3) that there was a factual basis for the plea. *See* Rule 11(b)(1)(A)–(N), (2), (3).

Because Rasheed was informed of the direct consequences of his plea in federal court, we see no evidence establishing that his plea was involuntary or that his counsel was ineffective. *Reynolds*, 994 S.W.2d at 946. Accordingly, we find that the trial court did not abuse its discretion in admitting the evidence of Rasheed's plea. *Dennis*, 315 S.W.3d at 768.

Point denied.

### Point II

▮ In his second point on appeal, Rasheed asserts that the trial court plainly

---

**2.** While a prior guilty plea can be deemed involuntary for purposes of admission in a later prosecution if the state and federal prosecutors "colluded" with each other, there is no evidence of such collusion regarding the prosecutions of Rasheed. *United States v. Williams*, 104 F.3d 213, 215–17 (8th Cir. 1997).

erred in overruling defense counsel's objection to a statement made by the State during closing argument. We disagree.

■ Rasheed concedes that because he failed to raise this argument in his motion for new trial, that our review is for plain error. Under the plain-error standard, we will reverse only if a plain error affecting a substantial right results in manifest injustice or a miscarriage of justice. Mo. R.Crim. P. 30.20. It is a defendant's burden to demonstrate manifest injustice or a miscarriage of justice. *State v. Irby,* 254 S.W.3d 181, 192 (Mo.App. E.D.2008). We will grant relief on a claim of plain error in closing argument only if the challenged statement had a "decisive effect on the jury." *State v. White,* 247 S.W.3d 557, 563 (Mo.App. E.D.2007). A prosecutor's statement has a decisive effect if "there is 'a reasonable probability that the verdict would have been different had the error not been committed.'" *Id.* (citation omitted). We interpret the challenged statement in the context of the entire argument. *Id.*

■ Because the trial court is in the best position to judge the consequences of a closing argument, it has broad discretion to determine whether an area of argument is proper. *Id.* Parties are allowed wide latitude during closing arguments; however, counsel may not stray beyond the evidence presented to the jury, suggest special or personal knowledge, or make ad hominem attacks designed to inflame the jury. *See e.g., State v. Banks,* 215 S.W.3d 118, 120 (Mo. banc 2007) (reversible error for prosecutor to call defendant "the devil"); *State v. Williams,* 646 S.W.2d 107, 108–09 (Mo. banc 1983) (reversible error for prosecutor to state that "judge has found there is enough evidence for you to convict"); *White,* 247 S.W.3d at 563. Prosecutors are allowed, however, to express personal opinions based on the evidence, and to invite a jury to draw inferences from the evidence. *State v. Perry,* 275 S.W.3d 237, 248 (Mo. banc 2009); *State v. Clemons,* 946 S.W.2d 206, 229 (Mo. banc 1997).

Here, the State during its closing argument noted that Rasheed had already admitted his guilt in federal court, and then stated, "[y]ou may be wondering, why was I picked to be on a jury when a person has already admitted that they had the drugs? Why am I sitting here wasting my day when someone, under oath, has already admitted ... that they had these drugs?" The State then explained that Rasheed "ha[d] his right to a day in court" for a trial before a jury of his peers, just as everyone in this country does, even though he had already admitted to the charges.

While tending to present Rasheed in a negative light by "wasting" the jury's time, the prosecutor's statement did not stray into prohibited grounds and, because the State also provided a reasonable explanation for Rasheed's decision to plead not guilty, did not rise to the level of an ad hominem attack. *Banks,* 215 S.W.3d at 120; *Williams,* 646 S.W.2d at 108–09; *White,* 247 S.W.3d at 563. Looking at the comment in full, it was supported by the evidence. Rasheed had already pleaded guilty to the same facts in federal court, and the jury could have legitimately wondered why he had not also pleaded guilty in state court. *See Clemons,* 946 S.W.2d at 227 (comments regarding strength of case based on evidence on record are permissible).

■ Moreover, Rasheed failed to meet his burden to prove there was a reasonable probability that, but for the prosecutor's statement in closing, he would have been acquitted. *White,* 247 S.W.3d at 563. The record here shows that police officers, acting on a tip from a confidential informant,

stopped Rasheed, and that after they advised him of his *Miranda*[3] rights, Rasheed admitted to having crack and ecstasy on his person. In March 2008, Rasheed pleaded guilty to federal charges of possession with intent to distribute. This court will not second-guess a jury's judgment as to the credibility of witnesses and weight of conflicting evidence. *Id.* In light of the entire record, we cannot say the trial court plainly erred in overruling Rasheed's objection to the State's comments in closing argument. Rule 30.20; *Irby*, 254 S.W.3d at 192.

Point denied.

## Point III

In his third point on appeal, Rasheed asserts the trial court erred in overruling his motions to suppress statements and evidence. Defendant argues that because the officers lacked reasonable suspicion to detain Rasheed, in that there was no basis for the trial court to conclude that the informant's tip was reliable, the fruit of their unlawful stop should have been suppressed. We disagree.

We review a trial court's decision to grant or deny a motion to suppress to determine if there was substantial evidence to support the decision, and will only reverse if the trial court's ruling was clearly erroneous. *State v. Nylon*, 311 S.W.3d 869, 884 (Mo.App. E.D.2010). Clear-error review requires that the moving party properly preserved the trial court error below. *Id.* To properly preserve an objection for appeal, the moving party must make a specific objection at trial asserting the same grounds raised on appeal. *State v. Moore*, 303 S.W.3d 515, 522–23 (Mo.

banc 2010); *State v. Barnes*, 245 S.W.3d 885, 893 (Mo.App. E.D.2008) (objection for lack of foundation was insufficient to preserve discovery-violation claim made on appeal).

Before trial, Rasheed filed a boilerplate motion to suppress the drug evidence asserting, inter alia, that the evidence was "obtained pursuant to an unlawful search," was "conducted without a warrant" and without consent, and was "not incident to a lawful arrest." He also filed a motion to suppress his statements asserting that the length and nature of his custody and interrogation was "inherently coercive," that the statements were inaccurate and made under duress, that his requests for an attorney were ignored, and that he was not advised of his *Miranda* rights. He repeated his objections at trial, "based on [the] previously filed motions." In his motion for new trial, he renewed the same grounds for his objections to the evidence and statements.

These objections were insufficient to preserve for appeal Rasheed's argument that his statements and the evidence should be suppressed because the officers lacked reasonable suspicion to detain Rasheed. *Moore*, 303 S.W.3d at 522–23; *Barnes*, 245 S.W.3d at 893; *see also Pope v. Pope*, 179 S.W.3d 442, 452, 452–54 (Mo. App. W.D.2005) (generalities in boilerplate motion for directed verdict are insufficient to preserve specific claims for appeal). Thus, we review his argument on appeal for plain error. *Nylon*, 311 S.W.3d at 884.

Rasheed failed to demonstrate plain error and manifest injustice. *Irby*, 254 S.W.3d at 192. Here, the tip[4] leading

---

3. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (holding that custodial interrogation by police must not occur prior to suspect being informed of

his or her right to counsel and against self-incrimination).

4. Although the tip in this case came from a confidential informant rather than an anony-

to Rasheed's arrest was sufficiently specific and predictive, and was sufficiently corroborated by police investigation to create reasonable suspicion for the *Terry*[5]-type stop and satisfy the protections of the Fourth Amendment. *Alabama v. White,* 496 U.S. 325, 331–32, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (when anonymous tip contains range of detail and predictive accuracy and is corroborated by police investigation, it can establish reasonable suspicion of criminal activity to justify investigative stop); *State v. Berry,* 54 S.W.3d 668, 673–75 (Mo.App. E.D.2001) (same).

Specifically, the record shows that police officers received a tip from a confidential informant alleging that an individual named "Jameel" and roughly matching Rasheed's physical description was planning to deliver crack to the White Castle restaurant at the intersection of Gravois and Grand Avenues in a silver-gray Buick with damage to the driver's side. The police set up surveillance at the alleged location. When Rasheed arrived at the named White Castle in a silver-gray Buick with damage to the driver's side, officers followed him into the restaurant. When Rasheed noticed them, he appeared "surprised" and reached towards his rear waistband. Officers approached him and advised him that they were conducting a narcotics investigation and asked to speak with him. After they advised him of his *Miranda* rights, Rasheed admitted to having crack and ecstasy on his person. A search revealed 13 grams of crack and 4.44 grams of ecstasy.

The evidence shows reasonable suspicion for the investigative stop, thus the evidence obtained as a result of the stop was not inadmissible. *White,* 496 U.S. at 327, 331, 110 S.Ct. 2412 (reasonable suspicion created when tip that defendant would leave named apartment building at particular time in brown Plymouth vehicle traveling towards named hotel, was substantially corroborated by police surveillance); *State v. Deck,* 994 S.W.2d 527, 535–36 (Mo. banc 1999) (police had reasonable suspicion to support *Terry* stop when defendant reached down towards passenger side of his vehicle when officer approached). We see no plain error in the trial court's denial of Rasheed's motions to suppress.

Point denied.

*Conclusion*

The judgment of the trial court is affirmed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.

mous source, because the officer who had previous contact with the informant was out of the country and unavailable to testify regarding the informant's reliability, we treat the tip as if it were anonymous. Because a tip from a known source provides a stronger case supporting reasonable suspicion than an

anonymous source, this substitution does not prejudice Rasheed. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

5. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).