Stewart R. HOPKINS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 95916

Supreme Court of Missouri,
en banc.

Opinion issued April 25, 2017

Amy M. Bartholow, Public Defender's Office, Columbia, for Appellant.

Christine Lesicko, Attorney General's Office, Jefferson City, for Respondent.

George W. Draper III, Judge

Stewart Hopkins (hereinafter, "Movant") appeals from a judgment overruling his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.[1] As in *State v. Creighton*, No. SC95527, 520 S.W.3d 416, 2017 WL 1496952 (Mo. banc April 25, 2017), the threshold issue is whether the motion court appointed counsel and triggered the Rule 29.15(g) timelines for filing an amended motion by notifying the public defender that Movant filed a *pro se* motion. Consistent with *Creighton*, this Court holds the notification was not an appointment. Movant's amended motion was timely because it was filed within the applicable time period following counsel's entry of appearance.

This Court further holds the motion court did not clearly err in denying relief on Movant's claim that counsel was ineffective for failing to object to the introduction into evidence of telephone calls recorded while Movant was incarcerated. The judgment is affirmed.

## Background

A jury convicted Movant of murder in the first degree and armed criminal action for killing his ex-wife (hereinafter, "Victim"). The circuit court sentenced Movant to concurrent terms of life imprisonment without the possibility of parole for murder and twenty-five years for armed crimi-

nal action. Movant's convictions and sentences were affirmed on direct appeal. *State v. Hopkins*, No. SD32486 (Mo. App. S.D. May 5, 2014).

Viewed in the light most favorable to the jury's verdicts, the evidence at trial showed that Movant and Victim engaged in an argument in a motel room. During the argument, Movant called another of his ex-wives. Movant spoke to that ex-wife's boyfriend and, when told she was unavailable, stated that he had killed Victim.

The next morning, a motel housekeeper found Victim's body on the floor of the motel room. The housekeeper called the motel manager, who called 911. The manager and the housekeeper observed Victim lying on the floor, on her back, in a puddle of blood with a cut across her neck. Police and emergency personnel arrived and confirmed Victim was deceased. An autopsy concluded that Victim sustained twenty sharp injury wounds.

Movant was arrested in a motel room in Tulsa, Oklahoma. During a police interrogation, Movant disclosed the details of how he killed Victim. According to Movant, he and Victim began arguing. Victim slashed at Movant with a knife. Movant responded by slashing at Victim with his own knife. Movant then took Victim's knife and threw it into the parking lot. Movant stated everything after that point was a "cloudy area," but he proceeded to describe how he stabbed Victim in the throat. Movant then described Victim's appearance after she died.

There was also DNA evidence linking Movant to Victim's murder. A mixture of Movant's blood and Victim's blood was on

---

1. This Court acquired jurisdiction by granting transfer following an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

the handle of Movant's knife. Only Victim's blood was on the blade.

Finally, the jury heard recordings of three telephone calls Movant made from jail. In the first phone call, Movant said that he took the knife away from Victim, threw it in the parking lot, and then drew his knife because he "had to kill her." Movant also stated he wanted to be transferred to a different correctional center. In the second call, Movant said he would plead self-defense because Victim had her knife and "got me first." In the third call, Movant said that he could not wait to get out of jail and back to the department of corrections. Movant also said he was not going to take his case to trial.

Following his convictions and unsuccessful direct appeal, Movant filed a timely *pro se* motion for post-conviction relief on July 16, 2014. On August 18, 2014, the motion court entered an "Order of Notification" stating:

> The Court orders the Circuit Clerk to notify the Central Appellate Division for the State Public Defender of the filing of this 24.035 [sic] action and to provide the State Public Defender with a copy of Movant's Form 40.
>
> The Circuit Clerk is ordered to furnish to the State Public Defender any and all pleadings from this file or the underlying criminal case that the State Public Defender may request.

Movant's public defender entered his appearance on September 26, 2014. The motion court sustained Movant's request for a thirty-day extension of time to file an amended motion. On December 26, 2014, post-conviction counsel filed an amended motion on Movant's behalf. The amended motion did not incorporate Movant's *pro se* claims. Movant waived an evidentiary hearing and submitted his motion to the court on the basis of trial counsel's deposition.

As relevant to this appeal, the amended motion alleged trial counsel was ineffective for failing to object to evidence of the telephone calls recorded while Movant was incarcerated. Movant alleged the telephone calls informed the jury of his criminal history and, therefore, constituted inadmissible and prejudicial evidence of his propensity to commit crimes.

The motion court denied relief. The motion court found that, even if the phone calls were inadmissible and a reasonably competent attorney in similar circumstances would have objected, Movant failed to meet his burden of proving prejudice from counsel's deficient representation. The motion court found Movant's police statement, giving an account of the murder, constituted overwhelming evidence of guilt. The motion court did not address Movant's *pro se* claims.

Movant raises two points on appeal. First, Movant asserts that his amended motion "arguably" was untimely and that the motion court erred by failing to conduct an abandonment inquiry. Second, Movant asserts that, if his amended motion was filed timely, then the motion court clearly erred by denying relief on his claim that counsel was ineffective for failing to object to evidence of the recorded phone calls.

## Standard of Review

■ This Court reviews a judgment denying a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc

2015) (quoting *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005)).

### The amended motion was filed timely

■ Rule 29.15(g) establishes the timelines for filing an amended motion. In relevant part, Rule 29.15(g) provides:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

■ Rule 29.15(g) also provides that the motion court can extend the sixty-day deadline for one additional period not to exceed thirty days. Thus, as in this case, a movant can have up to ninety days to file a timely amended motion. If counsel fails to file a timely amended motion for post-conviction relief, the case must be remanded for an independent inquiry into whether the movant was abandoned by post-conviction counsel. *Moore*, 458 S.W.3d at 825–26.

For the reasons explained in *Creighton*, 520 S.W.3d 416, 2017 WL 1496952, decided concurrently with this case, this Court holds the motion court's notification was not an appointment. The Rule 29.15(g) filing period commenced when Movant's public defender entered his appearance. Therefore, Movant's amended motion was timely because it was filed within ninety days of counsel's entry of appearance.[2]

### Counsel was not ineffective

■ To establish ineffective assistance of counsel, a movant must prove "by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." *Hoeber v. State*, 488 S.W.3d 648, 655 (Mo. banc 2016) (quoting *Dorsey v. State*, 448 S.W.3d 276, 286–87 (Mo. banc 2014)). A movant must satisfy both prongs of the test to obtain post-conviction relief. *Id.*

■ To establish prejudice, "a movant must show a reasonable probability that, but for counsel's errors, the outcome would have been different." *Id.* "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." *Id.*

■ In his amended motion, Movant alleged trial counsel was ineffective for failing to object to evidence of the telephone calls recorded while Movant was in jail. Movant argues the telephone calls reference his history of incarceration and, therefore, constitute inadmissible and prejudicial evidence of his propensity to commit crimes.

Even if this Court assumes, for the sake of argument, that counsel should have objected, Movant has not demonstrated the prejudice required to establish ineffective assistance of counsel. The evidence of guilt was overwhelming. Victim's blood was on the blade of Movant's knife. Movant explained how this came to be when he gave the police a detailed account of how he repeatedly stabbed the Victim and, ultimately, inflicted the fatal wound. Movant's argument relies on the speculative assumption that the jury convicted him of murder based on a propensity in-

---

**2.** The motion court did not err by declining to adjudicate Movant's *pro se* claims. Movant's timely amended motion was the operative pleading, and it did not incorporate Movant's *pro se* motion.

ference rather than his confession and the corroborating physical evidence. Movant's argument does not undermine this Court's confidence in the outcome of the trial. Therefore, the motion court did not clearly err by denying relief.

## Conclusion

Movant's amended motion for post-conviction relief was filed timely. The judgment denying Movant's motion for post-conviction relief is affirmed.

Breckenridge, C.J., Fischer, Stith, Wilson and Russell, JJ., concur.

