Samuel N. ALLEN, Appellant,

v.

STATE of Missouri, Respondent.

WD 79952

Missouri Court of Appeals,
Western District.

OPINION FILED: July 18, 2017

Craig Johnston, Columbia, MO, Counsel for Appellant.

Daniel McPherson, Jefferson City, MO, Counsel for Respondent.

Before Division Two: Thomas H. Newton, P.J., James Edward Welsh, and Karen King Mitchell, JJ.

James Edward Welsh, Judge

Samuel N. Allen appeals from the circuit court's judgment denying his amended Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Allen asserts that the circuit court erred in failing to independently determine whether he was abandoned by his post-conviction counsel's alleged late filing of the amended motion

and that the case should be remanded to the circuit court for an independent inquiry into whether he was abandoned by appointed post-conviction counsel. The State agrees with Allen that this case should be remanded. In light of recent Missouri Supreme Court precedent, however, we conclude that Allen's amended motion was timely filed because it was filed within the applicable time period following counsel's entry of appearance. We, therefore, affirm the circuit court's judgment.

Allen was convicted of tampering in the first degree and resisting arrest, for which he was sentenced to 10 years and 5 years in prison, respectively. This court affirmed Allen's convictions and sentences in a *per curiam* order and memorandum issued pursuant to Rule 30.25(b) on September 29, 2015. *State v. Allen*, 471 S.W.3d 396 (Mo. App. 2015). We issued our mandate on October 21, 2015.

Allen timely filed with the circuit court his pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Rule 29.15 on November 17, 2015. The motion was accompanied by an affidavit of indigency. On November 18, 2015, the circuit court issued an order notifying the public defender to "determine eligibility." According to the docket sheet, the order stated: "PCR having been filed, Public Defender hereby notified to determine eligibility. Counsel Status hearing 1-25-16 9am II. CC of this order to State and Public Defender." On December 14, 2015, an assistant public defender entered an appearance on behalf of Allen and requested an additional thirty days to file an amended motion. On January 1, 2016, the circuit court granted the assistant public defender a 30-day extension to file the amended motion. The assistant public defender filed the amended motion on March 14, 2016.

The circuit court held an evidentiary hearing on June 24, 2016. On July 15, 2016, the circuit court issued its judgment denying the claim raised in the amended motion. In its judgment, the circuit court noted that the amended motion had been filed on March 14, 2016, but made no mention of the timeliness of the motion. Allen appeals.

■ Our review of the denial of a Rule 29.15 motion is limited to determining whether or not the circuit court's findings and conclusions are clearly erroneous. Rule 29.15(k). "A judgment is clearly erroneous when, after reviewing the entire record, the court is left with the definite and firm impression that the motion court made a mistake." *Barton v. State*, 432 S.W.3d 741, 748 (Mo. banc 2014).

In his sole point on appeal, Allen contends that the circuit court clearly erred in failing to independently determine whether he was abandoned by post-conviction counsel. Allen asserts that the amended motion was filed more than 90 days after the date post-conviction counsel was appointed and granted an extension to file the amended motion.

Rule 29.15(g) establishes the time limits for filing an amended motion for post-conviction relief and provides in relevant part:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.[1]

---

1. Rule 29.15 was amended on May 31, 2016 with an effective date of January 1, 2017, and

The rule also provides that the circuit court may extend the 60-day deadline for "one additional period not to exceed thirty days." Thus, a movant can have up to 90 days to timely file an amended motion for post-conviction relief.

 An amended motion filed beyond the deadline in Rule 29.15(g), however, can constitute abandonment of the movant. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by appointed counsel extends the time limitations for filing an amended Rule 29.15 motion. *Id.* Thus, when appointed counsel files an untimely amended motion, "the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Id.* If appointed counsel untimely files an amended motion and the circuit court does not conduct an independent inquiry into abandonment, we must remand the case to the circuit court for such an inquiry. *Miller v. State*, 478 S.W.3d 530, 533-34 (Mo. App. 2015).

 Allen contends, and the State concurs, that post-conviction counsel was appointed by the circuit court on November 18, 2015. We, however, find no such appointment before us on the record. In support of their contention that the circuit court appointed post-conviction counsel on November 18, 2015, both Allen and the State rely on this order by the circuit court, which was recounted in the court's docket sheets: "PCR having been filed, Public Defender hereby notified to determine eligibility. Counsel Status hearing 1-

25-16 9am II. CC of this order to State and Public Defender." The circuit court's order, however, did not state that the court was appointing the public defender to represent Allen. The order stated only that a post-conviction relief motion had been filed and the public defender was "notified to determine eligibility."[2]

In recent opinions handed down by the Missouri Supreme Court, the court held that a circuit court's notification to the public defender that a movant has filed a *pro se* motion for post-conviction relief is not an appointment of counsel triggering the Rule 29.15(g) timelines for filing an amended motion. *Creighton v. State*, SC95527, 520 S.W.3d 416, 2017 WL 1496952 (Mo. banc April 25, 2017); *Hopkins v. State*, SC95916, 519 S.W.3d 433, 2017 WL 1511294 (Mo. banc April 25, 2017). In *Creighton*, the circuit court issued a memorandum stating: "The Court hereby notifies [public defender] that movant Rodney Creighton has filed a post-conviction motion. The motion is accompanied by an affidavit of indigency." *Creighton*, 520 S.W.3d at at 418. In *Hopkins*, the circuit court issued an "Order of Notification" stating:

> The Court orders the Circuit Clerk to notify the Central Appellate Division for the State Public Defender of the filing of this 24.035 [sic] action and to provide the State Public Defender with a copy of Movant's Form 40.

was amended on December 28, 2016, with an effective date of July 1, 2017. Our citation to Rule 29.15 is to the rule as it appeared in the 2016 Missouri Court Rules.

**2.** Rule 29.15(e) provides, "When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." The Missouri Supreme Court, however, has instructed that "Rule 29.15(e) ... pro-

vides no specific time within which the court must appoint counsel. Rule 29.15(e) provides only that, at some point, the court must ensure counsel is appointed to represent an indigent movant." *Creighton v. State*, discussed *infra*, 520 S.W.3d at 420 (citation omitted). As discussed above, the circuit court's order in this case notifying the public defender to determine eligibility is not an appointment of counsel.

The Circuit Clerk is ordered to furnish to the State Public Defender any and all pleadings from this file or the underlying criminal case that the State Public Defender may request.

*Hopkins*, 519 S.W.3d at 435. In both of these cases the Missouri Supreme Court held that the circuit court's notifications were not appointments of counsel and that the Rule 29.15(g) filing periods commenced when the public defenders entered their appearances in the cases. *Creighton*, 520 S.W.3d at 419; *Hopkins*, 519 S.W.3d at 436.

The *Creighton* court stated that the circuit court's memorandum did not state that the court was appointing the public defender to represent movant but stated only that the circuit court "hereby notifies" the public defender that movant filed a pro se motion. *Creighton*, 520 S.W.3d at 419. A similar circumstance exists in this case. The circuit court's order in this case did not state that it was appointing the public defender to represent Allen; it merely stated that the public defender was being "notified to determine eligibility." Just as in *Creighton* and *Hopkins*, we find there is no basis for concluding that the circuit court's order to the public defender "to determine eligibility" operates as an appointment of counsel.

Because the circuit court's order "to determine eligibility" was not an appointment, the Rule 29.15(g) filing period commenced when the public defender entered her appearance on December 14, 2015. A public defender who has not been appointed but who enters an appearance "unquestionably qualifies as 'any counsel that is

not appointed but who enters an appearance on behalf of the movant.'" *Creighton*, 520 S.W.3d at 421 (quoting Rule 29.15(g)). In this case, counsel's amended motion was filed on March 14, 2016. Given that counsel was granted a 30-day extension to file the amended motion, the amended motion was filed within 90 days following counsel's entry of appearance.[3] Thus, counsel's amended motion was timely filed under Rule 29.15(g).

Allen rested his claim on appeal solely on his contention that the amended motion was untimely filed. He did not raise any claim that the circuit court clearly erred in denying the claim raised in the amended motion. Because we conclude that the amended motion was timely filed, we affirm the circuit court's judgment denying Allen's amended Rule 29.15 motion for post-conviction relief.

All concur.

---

**3.** The 90th day was Sunday, March 13, 2016. Rule 44.01(a) instructs: "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." Therefore, the amended motion was due on Monday, March 14, 2016.