**STATE of Missouri, Respondent,**

v.

**Darran W. BOSTON, Appellant.**

### No. ED 104563

Missouri Court of Appeals,
Eastern District,
DIVISION FIVE.

Filed: October 3, 2017

FOR APPELLANT: Ellen H. Flottman, 1000 West Nifong, Building 7, Suite 100, Columbia, Missouri 65203.

FOR RESPONDENT: Joshua Hawley, Garrick Aplin, 221 West High Street, P.O. Box 899, Jefferson City, Missouri 65102.

## OPINION

James M. Dowd, Chief Judge

Darran Boston appeals the judgment entered upon his conviction following a jury trial in the Circuit Court of Audrain County of 25 counts of child sex-related offenses, including three counts of first-degree statutory rape and six counts of first-degree statutory sodomy. The jury found that Boston committed the offenses against two child victims: (1) L.S., the daughter of his live-in girlfriend, J.V., and (2) S.S., L.S.'s friend from across the street. Boston was sentenced to a total of 527 years in prison, with all sentences ordered to run consecutively. He raises a single point of error claiming that the trial court committed plain error by admitting into evidence J.V.'s testimony about her sexual relationship with Boston, sex-related instruments the couple had, and adult pornography Boston possessed. We find

that Boston has waived even plain error review as to the admission of the sex-related instruments and the adult pornography. And as to J.V.'s testimony, we disagree with Boston's argument that this evidence was legally irrelevant—the prejudicial effect of the testimony did not clearly outweigh its probative value, or usefulness to the jury in this case. Finding no plain error, we affirm.

## Factual and Procedural Background

It is unfortunately necessary that we review some of the disturbing facts of this case in order to dispose of Boston's claim of error. Between August 1, 2013 and June 1, 2015, Boston in various ways sexually violated and preyed on L.S. and S.S. at his home in Mexico, Missouri where J.V. and L.S. also resided. Boston's abuse involved the use of lingerie he had purchased for J.V. and the sex-related instruments admitted into evidence. Boston produced at least 1,200 pornographic images of the two children.

Before Boston, J.V., and L.S. moved to Mexico in 2013, Boston abused L.S. in Fulton, Missouri, where they had lived since 2010. Boston began sexually abusing L.S. in 2010, when she was only 10 years old. After Boston, J.V., and L.S. moved to Mexico, he began abusing S.S., as well as L.S., often at the same time. Eventually, J.V. left the home and moved to Rolla, Missouri, while Boston and L.S. moved to a different residence in Mexico. Shortly thereafter, S.S. disclosed to state authorities Boston's abuse of her and L.S.

As a result of S.S.'s disclosure, police searched Boston and L.S.'s new residence, their previous residence across the street from S.S., and a storage unit Boston maintained, and seized his laptop, digital camera, phone, a portable computer data stor-

age device, the aforementioned sex-related instruments, and the adult pornography he possessed. This pornography featured poses he had the two children assume for the illicit photographs he took of them, and some of the adult pornography appeared in the photographs of the children.

Boston was arrested and charged with 29 different child sex-related offenses in two separate cases. After the State nolle prosequied one of the counts, the cases were joined for a trial by jury, and Boston was convicted on all 28 remaining counts. This appeal follows. Additional facts, as relevant, are provided below.

## Standard of Review

Boston concedes that he has failed to preserve his claim of error in this case and requests plain error review. We exercise our discretion to review for plain error only where the appellant asserting error establishes facially substantial grounds for believing that the trial court's error was evident, obvious, and clear, and that manifest injustice or a miscarriage of justice has resulted. Rule 30.20 [1]; *State v. Feldt*, 512 S.W.3d 135, 143 (Mo. App. E.D. 2017) (citing *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014)). Plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome-determinative. *State v. Clark*, 494 S.W.3d 8, 12 (Mo. App. E.D. 2016) (citing *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)). Finally, even plain error review is waived as to particular allegations of error when counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence, such as by affirmatively stating that the defendant has no objection to the admission of particular evidence. *State v. Johnson*, 284 S.W.3d

---

1. All rules references are to the Missouri Supreme Court Rules (2016).

561, 582 (Mo. banc 2009); *State v. Goers,* 432 S.W.3d 276, 282 (Mo. App. E.D. 2014).

### Discussion

■ Applying these principles, we first find that Boston has waived even plain error review as to the admission of the sex-related instruments and the adult pornography he possessed. At trial, counsel affirmatively stated that Boston had no objection to the admission of the sex-related instruments and the adult pornography. We cannot conclude that Boston's failure to object was a product of inadvertence or negligence, and thus we cannot convict the trial court of error for declining to interfere with what presumably was Boston's strategic intention not to object to the admission of the sex-related instruments and the adult pornography. *See Johnson,* 284 S.W.3d at 582 (presuming explicit statement of no objection was strategic in absence of evidence of inadvertence or negligence). Consequently, on this appeal we determine only whether to exercise our discretion to review for plain error Boston's challenge to the admission of J.V.'s testimony about their sexual relationship.

■ In raising this challenge, Boston first cites the well-founded principle that even if the trial court finds evidence to be relevant, it must exclude that evidence if the prejudicial effect to the defendant outweighs other considerations that make evidence useful to prove an issue in the case. *State v. Diercks,* 674 S.W.2d 72, 78-79 (Mo. App. W.D. 1984). Indeed, legally irrelevant evidence is not admissible. *State v. Rice,* 504 S.W.3d 198, 203 (Mo. App. W.D. 2016) (citing *State v. Barriner,* 111 S.W.3d 396, 400 (Mo. banc 2003)) ("It is axiomatic that in order to be admissible, evidence must be both logically and legally relevant…. Evidence is legally relevant if its probative value outweighs the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or cumulativeness."). Nevertheless, here there are several reasonable bases on which the trial court might have concluded that J.V.'s testimony about her sexual relationship with Boston was legally relevant. As a result, Boston cannot meet even the first prerequisite, to say nothing of the second, to put to us the decision whether to engage in plain-error review—he has not made a basic showing of evident, obvious, and clear error.

Unquestionably, J.V.'s testimony about her sexual relationship with Boston was of the utmost probative value. J.V.'s testimony included the explanation that the lingerie and sex-related instruments Boston used to perpetrate his abuse of the girls were the same lingerie and instruments J.V. and Boston had purchased for their own use. This testimony (1) corroborated L.S.'s and S.S.'s testimony that Boston used the lingerie and the sex-related instruments during his abuse of the children and (2) provided foundation for the admission into evidence of images found on Boston's laptop showing the lingerie and the sex-related instruments being used to abuse the children. And the testimony also explained why, in addition to L.S.'s DNA, a mixture of DNA from two or three individuals was found on one of the sex-related instruments. We find the probative value of the testimony to be, frankly, overwhelming. The question becomes whether the testimony's usefulness was somehow outweighed by any prejudicial effects. We find that it was not.

Boston relies on *State v. Kitson,* 817 S.W.2d 594 (Mo. App. E.D. 1991) and *State v. Alexander,* 875 S.W.2d 924 (Mo. App. S.D. 1994) for the broad principle that any evidence of an adult sexual relationship is simply irrelevant in proving child sex-related offenses. These cases do not stand for such a broad principle. Moreover, they are easily distinguished from this one.

*Kitson* dealt with the admission of evidence that was nothing more than generally-inadmissible "propensity" evidence of bad character—specifically, that the defendant had a *disposition* for a particular type of sexual activity that he engaged in with his wife and, the jury found, also in encounters with a child. 817 S.W.2d at 596-600. Here, J.V.'s testimony served other, permissible purposes. Even if her testimony in some way addressed Boston's character, it was also highly relevant to specific items of evidence Boston employed in abusing the children. Because evidence with independent logical relevance to a fact in issue—e.g., that tends to establish the identity of the person who committed an offense—is generally admissible, *id.* at 597, J.V.'s testimony should not have been excluded based on this Court's holding in *Kitson*.

And turning briefly to *Alexander*, in that case the defendant challenged the admission of a pornographic deck of cards that he allegedly used to engage in sexually-deviant acts with a child, but there was actually no evidence in the record that the defendant used the deck in both adult sexual activity and in committing child sex-related offenses, as Boston used the lingerie and sex-related instrument here. *Id.* at 928-29. Thus, neither case is square to this one.

We find no plain error. Boston's sole point on appeal is denied.

### Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Lawrence E. Mooney, J., Lisa S. Van Amburg, J., concur.