Kristina S. Olson, 1010 Market St. Ste. 1100, St. Louis, MO 63101, For Movant/Appellant.
Robert J. Bartholomew, Jr., P.O. Box 899, Jefferson City, MO 65102, For Defendant/Respondent.
Colleen Dolan, Judge *921 Terence T. Esters[1] ("Movant") appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief ("PCR"), without an evidentiary hearing, and finding that Movant failed to prove his trial counsel was ineffective.[2] Movant offers two points on appeal. Movant first argues the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because his trial attorney was ineffective by failing to object to Victim's outburst and subsequent apology and explanation to the court, and that Movant was prejudiced by said failure. Movant argues in his second point that the motion court clearly erred in denying his PCR motion without an evidentiary hearing because his trial counsel was ineffective by failing to make an offer of proof regarding excluded evidence of a shooting that occurred at Movant's home; Movant further claims that he was prejudiced by this failure. We affirm the judgment of the motion court.
I. Factual and Procedural Background
In April of 2013, Movant was indicted on a charge of deviate sexual assault, which stemmed from events that occurred on February 25, 2013. The following facts were adduced at trial. Movant and Victim were college classmates. According to Victim and her classmates, T.L. and W.H., Victim had continuously rejected Movant's repeated sexually-charged advances prior to the night of February 25, 2013. On February 25, 2013, Movant, Victim, T.L., W.H., and others attended a house party, where the group drank alcohol and smoked marijuana. At some point during the party, Victim and T.L. stepped outside onto the front porch to get some fresh air. Once outside, Victim leaned over at her waist and rested her upper body on the concrete ledge of the porch. T.L. began to return inside, stating she was cold and wet from the rain. As she did, T.L. noticed Movant was also on the porch. T.L. asked Victim if it was okay for T.L. to return inside; Victim replied it was fine.
After T.L. was inside, Movant began "rubbing on [Victim's] back" and suggested-with sexual implications-that the two go across the street to where he lived. Victim refused, and pushed his hand away with her left arm. Movant, undeterred, grabbed her left arm and held it behind her back, pulled her pants down, and "inserted his penis into [her] rectum." Victim estimated that the sexual assault lasted between five and ten minutes.
W.H. had briefly left the party, and upon returning, saw Victim leaning over the concrete porch ledge, crying and "soaking wet" from the rain. When W.H. asked Victim what was wrong, Victim responded, "I told him to stop," and asked W.H. to take her home; Victim had to be carried down to W.H.'s car "because she couldn't even walk down the stairs." W.H. also saw Movant again after finding Victim, *922 noting that he looked "disheveled," with his shirt untucked and some of his hair loose from his ponytail. Similarly, T.L. observed Movant and Victim after W.H. discovered Victim, and noticed that the two looked tousled, unlike their "intact" appearance from earlier in the night. T.L. noted that Movant's shirt was untucked when it previously was not, his hair was "all over the place," and Victim's hair was "sopping wet."
According to Movant, a drive-by shooting occurred at his home on February 28, 2013-three days after the assault. Movant told police he believed Victim's family committed the shooting. When police arrived at Victim's home for questioning, Victim reported the sexual assault for the first time. Victim stated she waited to tell her family and report the assault to the police because she was concerned about the reaction of her brothers and father, and she "really just wanted it to go away." Movant was subsequently indicted on the deviate sexual assault charge, and trial was held December 1, 2014, through December 3, 2014.
Prior to trial, the State filed a motion in limine , requesting that the court exclude any evidence of the alleged shooting. Movant's counsel insisted the shooting was "intricately connected" to the case at hand, and that the evidence was relevant and should be admitted at trial. Specifically, Movant's counsel argued that Victim had fabricated the deviate sexual assault allegation to draw police attention away from their investigation of the shooting, for which Movant claimed Victim's family members were responsible. The trial court granted the State's motion, stating, "the Court doesn't know who did the shooting, other than people's speculation on that subject ... it raises the specter of a separate crime that's not being tried in this case ... there is far more prejudicial value than there is probative value to the whole subject of the shooting...." The court added that Movant could achieve the same purpose served by the evidence of the shooting-that Victim did not report the assault until the police approached her-"without getting into the separate crime of gunfire, violence, or deadly force caused by somebody, once again, we don't know who." After the trial court granted the State's motion in limine , Movant's counsel did not make an offer of proof at trial to attempt to introduce evidence of the shooting.
During trial, the jury learned only that Victim waited to report the incident to the police when they came to her home. The jury did not learn the explicit reason for the police visit. Instead, throughout the trial the attorneys on both sides vaguely alluded to the reason, including in the following section of trial counsel's cross-examination of Victim:
Q. Were you concerned about [Victim's family members'] reaction if they found out what had happened?
A. Yes, ma'am.
Q. Were you concerned that they would do something?
A. I knew that they would have.
Q. That they would take matters into their own hands?
A. Yes, ma'am.
Q. Were you afraid that if they found out, they would?
A. Yes, ma'am.
Q. In fact, the police came to your house, is that correct, to ask you about this?
A. Yes, ma'am.
Q. And that was the first time you told the police what happened that night?
A. Yes, ma'am.
*923 The State presented evidence at trial that consisted primarily of testimony supporting that Movant sexually assaulted Victim; this included testimony by T.L., W.H., and Victim. T.L. and W.H. specifically testified regarding Movant's behavior toward Victim prior to and on the night of the assault and detailing their observations of Movant and Victim immediately before and after the assault occurred. Victim testified about Movant's behavior toward her prior to the assault, and the events of the night the assault occurred. On cross-examination of Victim, she had an emotional outburst in response to Movant's counsel's line of questioning concerning how Movant might have undone Victim's belt, stating, "[c]an I have a break, please? I will jump off this f* * *ing thing and f* *k you up." When the jury returned, the court allowed Victim to apologize: "[b]efore we continue, I would like to apologize to the jury. That was a lot of anger that has been building up and I would just like to apologize. It's more anger, if anything." During the State's redirect examination, Victim remarked that since the deviate sexual assault, she has become an "angry person," and that she now "lash[es] out" at others. Movant did not testify at trial, nor presented any additional evidence.
The jury convicted Movant of the deviate sexual assault charge, and the trial court sentenced Movant, as a prior offender, to seven years' imprisonment. Movant appealed his conviction, which this Court affirmed in State v. Esters, 482 S.W.3d 825 (Mo. App. E.D. 2016) ; this Court's mandate was entered on March 23, 2016. Movant prematurely filed his pro se Rule 29.15 motion for PCR on April 13, 2015, while his direct appeal was still pending, which the court accepted as timely-filed pursuant to Rule 29.15(e)[3] . Movant was appointed post-conviction counsel on May 4, 2015. Pursuant to Rule 29.15(g), Movant's amended Rule 29.15 motion was due by May 23, 2016; however, the motion court granted Movant's counsel's request for an extension of thirty days to file the amended motion.[4] Movant's amended Rule 29.15 motion was timely filed on June 22, 2016. Movant argued in his PCR motion that his trial counsel was ineffective for failing to make an offer of proof at trial regarding evidence of the drive-by shooting and for failing to object to Victim's outburst and subsequent apology and explanation. The motion court issued findings of fact and conclusions of law denying Movant's Rule 29.15 motion without an evidentiary hearing.
This appeal follows.
II. Standard of Review
Our review of a motion court's Rule 29.15 judgment "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." Price v. State , 422 S.W.3d 292, 294 (Mo. banc 2014) ; Rule 29.15(k). Such findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a "definite and firm impression that a mistake has been made." Hopkins v. State , 519 S.W.3d 433, 435 (Mo. banc 2017). If a motion court's judgment on a Rule 29.15 motion is sustainable on any ground, then a reviewing court must uphold it. McGuire v. State , 523 S.W.3d 556, 563 (Mo. App. E.D. 2017). We will find that a motion *924 court clearly erred in denying a movant's request for an evidentiary hearing, pursuant to Rule 29.15, only if the movant can demonstrate that: (1) his PCR motion alleged facts, not conclusions, warranting relief; (2) the facts alleged were not conclusively refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. McIntosh v. State, 413 S.W.3d 320, 323-24 (Mo. banc 2013).
III. Discussion
The Strickland Ineffective Assistance of Counsel Test
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) illustrates the appropriate analysis for determining ineffective assistance of counsel. Hoeber v. State, 488 S.W.3d 648, 655 (Mo. banc 2016). To establish ineffective assistance of counsel under Strickland , Movant must demonstrate "by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) [Movant] was prejudiced by that failure." Hopkins , 519 S.W.3d at 436. If the movant fails to prove one prong, his or her claim necessarily fails, and it is unnecessary to analyze the additional prong. King v. State , 505 S.W.3d 419, 424 (Mo. App. E.D. 2016).
To satisfy the first prong, a movant must overcome the strong presumption that trial counsel's conduct was reasonable and effective by showing "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." McGuire , 523 S.W.3d at 563 (citing Zink v. State , 278 S.W.3d 170, 176 (Mo. banc 2009) ). Generally, counsel's strategic trial decisions "will not support an ineffective-assistance claim; indeed, strategic choices made after a thorough investigation of the relevant fact and laws are 'virtually unchallengeable.' " Id. (quoting Anderson v. State , 196 S.W.3d 28, 33 (Mo. banc 2006) ). A movant establishes prejudice, and thereby satisfies the second prong, by showing "a reasonable probability that, but for counsel's errors, the outcome would have been different." Hopkins , 519 S.W.3d at 436. "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." Id.
In this case, Movant has failed to demonstrate in both of his points on appeal that he was prejudiced as the result of his trial counsel's alleged errors. If a court can dispose of an ineffectiveness claim because of a lack of sufficient prejudice, then "that course should be followed." Taylor v. State , 382 S.W.3d 78, 81 (Mo. banc 2012) (citing Strickland , 466 U.S. at 697, 104 S.Ct. 2052 ). Accordingly, the focus of our analysis is Movant's failure to establish prejudice.
Point I
In his first point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts, not conclusions, which were not refuted by the record and upon which relief could be granted, demonstrating that his trial counsel was ineffective. Specifically, Movant claims that his trial counsel unreasonably failed to object to Victim's testimony that she had become an "angry" person who "lash[es] out" at others since the sexual assault and to Victim's subsequent apology and explanation to the jury. Movant asserts that Victim's testimony was inappropriate "victim impact testimony." Further, Movant claims he was prejudiced by his counsel's failure because there is a reasonable probability that, if trial counsel had objected and the judge sustained the objection, the jury would have acquitted *925 Movant of the deviate sexual assault charge.
Analysis
We find Movant has failed to demonstrate that, but for trial counsel's failure to object, there is a reasonable probability the outcome of the trial would have been different. See Hopkins , 519 S.W.3d at 436. Movant argues:
"[b]ecause trial counsel failed to object to this evidence, the jury was allowed to hear testimony designed to elicit sympathy for the victim to forgive her for her angry outburst in court ... there is a reasonable probability that trial counsel's failure to object prejudiced [Movant], as the jury convicted [Movant]."
In support of his argument, Movant attempts to analogize this case to State v. Vinson , 833 S.W.2d 399 (Mo. App. E.D. 1992). In Vinson , the defendant was charged with three separate counts of robbery in the first degree. The trial court in Vinson struck from the record a witness's emotional outburst during cross-examination concerning one of the three charges, and subsequently, the jury acquitted the defendant on only that count. Id. at 405-06. Movant relies on Vinson to show that, had Movant's trial counsel objected and the court stricken the testimony, there is a reasonable probability that the jury would have acquitted Movant. However, Movant offers no other evidence to support this claim, and "[f]ailure to object to evidence is not sufficient, in and of itself, to constitute ineffective assistance of counsel." Hays v. State , 360 S.W.3d 304, 312 (Mo. App. W.D. 2012) (stating that, in addition to showing an objection would have been successful and that the failure to object resulted in a substantial deprivation of the movant's right to a fair trial, the movant "also bears the burden of proving the failure to object was not strategic and was prejudicial"). Movant offers no other evidence that demonstrates that, but for counsel's failure to object, the jury would have acquitted him. Thus, Movant relies solely on the fact that he was convicted of the charged crime to show that his counsel's alleged error prejudiced him.
In sum, Movant fails to demonstrate that the alleged prejudice resulting from the "victim impact testimony" was so great that, absent the testimony, he would not have been found guilty. "Where ... there is overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the challenged actions of trial counsel, the jury would have found the movant not guilty ... the movant suffers no prejudice." McCoy v. State , 431 S.W.3d 517, 522 (Mo. App. E.D. 2014). Such is the case here. In addition to the testimony provided by Victim detailing the assault, both W.H.'s and T.L.'s testimony supports Movant's conviction. W.H. testified that, when she returned to the party, she found Victim leaning over the porch ledge, and saw Victim was "soaking wet." When Victim spoke to W.H., Victim said "I told him to stop." Victim could not walk down the house's steps, and so had to be carried to W.H.'s car. Additionally, both T.L. and W.H. stated that, after W.H. came upon Victim on the porch, the witnesses saw Movant's hair was partially out of its ponytail and his shirt was untucked, which was unlike his "intact" appearance earlier that night.
Further, the trial court found it was likely Victim's outburst and subsequent emotional testimony prejudiced the State's case, rather than Movant's. During a discussion off the record between the trial attorneys and trial court, the court observed, "I think more likely than any prejudice to [Movant], however, is the prejudice to the State's case and not to [Movant] ... I'm sure the jury didn't appreciate *926 the way [Victim] conducted herself." This Court has held "[t]he trial court is in a better position to determine the prejudicial effect, if any, of improper evidence...." Croxton v. State , 293 S.W.3d 39, 42 (Mo. App. E.D. 2009). Additionally, in her closing argument, Movant's trial counsel used Victim's cursing and emotional outburst to question Victim's credibility, saying, "[f]irst, we have to decide which [Victim] we are examining ... is it the [Victim] that goes to school ... [o]r is it the foul-mouthed [Victim]? Which one are you supposed to believe today? ... You have to pick one and decide who to believe." As Movant's counsel alluded to in her closing argument, the outburst would prejudice the jury against Movant only if the jury believed he assaulted Victim, and that Victim was angry as a result. Therefore, the record before us fails to support Movant's claim that there is a reasonable probability that, but for trial counsel's failure to object, the outcome of the trial would have been different. See McCoy, 431 S.W.3d at 522. Accordingly, Movant has failed to show that he was prejudiced by trial counsel's failure to object.
The motion court did not clearly err in denying Movant's first point without an evidentiary hearing, as Movant has failed to demonstrate that he was prejudiced by trial counsel's alleged failure to object. Finding that Movant has failed to show that he was prejudiced by his counsel's alleged failure, we need not discuss the first prong of Strickland . See King, 505 S.W.3d at 424. Point I is denied.
Point II
Movant argues in his second point that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts, not conclusions, that were not refuted by the record and upon which relief could be granted, showing that his trial counsel was ineffective. Specifically, Movant contends that his trial counsel unreasonably failed to make an offer of proof regarding evidence of a shooting that occurred at Movant's home. Movant asserts he was prejudiced because the evidence of the shooting was admissible, and that there is a reasonable probability the result of his trial would have been different if his counsel had made the offer of proof. Movant claims the evidence would have shown that Victim's family members committed the shooting, and that Victim was motivated to fabricate the deviate sexual assault allegation to divert police attention away from their investigation of the shooting.
Analysis
Here, as in Point I, Movant has failed to establish he was prejudiced by his counsel's alleged ineffectiveness, as he fails to demonstrate "a reasonable probability that, but for counsel's errors, the outcome would have been different." Hopkins , 519 S.W.3d at 436.
To be admissible, evidence must be both legally and logically relevant. State v. Barriner , 111 S.W.3d 396, 400 (Mo. banc 2003). Evidence is legally relevant if its probative value outweighs its costs, which include "prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or cumulativeness." Id. at 401. Thus, even if the court finds evidence to be logically relevant, "it must exclude that evidence if the prejudicial effect ... outweighs other considerations that make evidence useful to prove an issue in that case." State v. Boston , 530 S.W.3d 588, 591 (Mo. App. E.D. 2017). Evidence which "tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," or "tends to corroborate *927 evidence which itself is relevant and bears on the principal issue of the case" is logically relevant. State v. Dennis, 315 S.W.3d 767, 768 (Mo. App. E.D. 2010) (quoting State v. Tisius, 92 S.W.3d 751, 760 (Mo. banc 2002) ). "Evidence is irrelevant or immaterial if it tends to draw the jury's attention away from the issues it must decide." State v. Oerly, 446 S.W.3d 304, 310 (Mo. App. W.D. 2014).
In this case, trial counsel's failure to make an offer of proof was not prejudicial. Movant offers no argument to explain why the trial court would have changed its mind and admitted evidence of the shooting. During the proceedings on the pretrial motions, the trial court explained why it believed evidence of the shooting was irrelevant and should be excluded:
Any alleged probative value that the house being shot up by someone may have would be outweighed by the prejudicial effect the evidence would have on the State, and it would serve only to confuse the matter at hand. I think it would confuse the jury and bring into issue matters that are not relevant or pertinent.
Movant correctly asserts that rulings on motions in limine are interlocutory, and so "additional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence." State v. Evans , 639 S.W.2d 820, 822 (Mo. banc 1982). However, Movant presents no such additional information; Movant fails to allege any facts that could have been included in an offer of proof that were not already made known to the trial court and that would have resulted in a change in its ruling to allow evidence of the drive-by shooting to be admitted. As Movant has failed to demonstrate that the evidence would have been admitted had counsel made an offer of proof, he has not shown that his counsel's decision to not make an offer of proof regarding the shooting was prejudicial. See Hopkins , 519 S.W.3d at 436.
Additionally, even assuming arguendo that the trial court would have allowed the jury to hear evidence concerning the drive-by shooting, Movant has failed to demonstrate a reasonable probability that, had this occurred, the verdict would have been different. Movant argues that, had trial counsel made the offer of proof, trial counsel could have included evidence that Victim told T.L. and W.H. that Victim's male family members would "try to harm [Movant]." It is difficult to see how this evidence would have benefitted Movant. This evidence would possibly open the door to testimony concerning why Victim's family members wanted to harm Movant, namely, revenge for his sexual assault of Victim.
Moreover, Movant's trial counsel introduced evidence and asserted arguments which served the same purpose in Movant's case as evidence of the shooting. Namely, Movant's counsel argued that the Victim was not credible because she waited days to report the assault. Movant's trial counsel addressed this point during her cross-examination of Victim and in her closing argument. During cross-examination, Movant's trial counsel highlighted Victim's delay between the sexual assault and her informing police of the attack. Victim's lack of credibility was also the crux of Movant's trial counsel's closing argument: "what this all boils down to is do you believe [Victim] or not...." Accordingly, as the trial court stated, trial counsel could "get to the point" of Victim's delayed reporting of the sexual assault "by other means." Movant has thus failed to show that he was prejudiced by his counsel's alleged failure to make an offer of proof regarding evidence of the drive-by shooting. Point II is denied.
*928 IV. Conclusion
Because Movant has failed to show that the trial court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing, we affirm the judgment of the motion court.
Kurt S. Odenwald, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

Movant's name appears on various court documents with differing spellings of "Terrance," "Terrence," and "Terence." Because Movant's name is spelled as "Terence" on his pro se filing and appellate brief, this Court will adopt that spelling.

All references are to Missouri Supreme Court Rules (2015).

"If the pro se [Rule 29.15] motion is filed prematurely, such motion shall be considered as filed ... the date the mandate of the appellate court issues affirming the judgment or sentence." Rule 29.15(e).

Sixty days from March 23, 2016, was Sunday, May 22, 2016; Movant's amended motion was therefore due by the next business day-Monday, May 23, 2016.