

# SUPREME COURT OF MISSOURI
## en banc

CHRISTOPHER A. SCOTT,      )       *Opinion issued July 22, 2025*
     )
         Appellant,      )
     )
v.      )      No. SC100916
     )
STATE OF MISSOURI,      )
     )
         Respondent.      )

## APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
### The Honorable J. Hasbrouck Jacobs, Judge

Christopher Scott appeals the overruling of his Rule 29.15 amended motion for postconviction relief.[1] Scott's *pro se* Rule 29.15 motion was the only timely filed motion. Because Scott does not challenge the motion court's overruling of his *pro se* claim in his amended motion, this Court affirms the motion court's judgment denying postconviction relief.

## Factual Background and Procedural History

The state charged Scott with first-degree robbery, armed criminal action, and unlawful use of a weapon. The circuit court entered its judgment finding him guilty, after a jury trial, of each count. In November 2020, the circuit court sentenced Scott. The

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2020).

court of appeals affirmed. *State v. Scott*, 636 S.W.3d 208 (Mo. App. 2021) (mem.). On January 19, 2022, the court of appeals issued its mandate.

On April 11, 2022, Scott filed a *pro se* Rule 29.15 motion for postconviction relief raising three claims. At the same time, Scott filed a motion to proceed *in forma pauperis*. On April 14, 2022, the motion court made the following docket entry: "Movant is given leave to proceed as a poor person. Case is set for status hearing on 5/31/22 at 1:30pm. Notice to Statewide Public Defender's Office and Boone APA Craig Johnston." On April 22, 2022, a public defender entered an appearance on Scott's behalf. The public defender did not request an extension of time to file an amended motion. On August 4, 2022, the public defender filed an amended motion raising six claims, including Scott's three *pro se* claims. On May 26, 2023, after an evidentiary hearing, the motion court entered its judgment denying relief on each of Scott's claims. Scott appealed. This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Standard of Review

"Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). "Appellate courts presume the motion court's findings are correct and a judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Flaherty v. State*, 694 S.W.3d 413, 416 (Mo. banc 2024) (internal quotation omitted).

2

"This Court interprets the rules by applying principles similar to those used for state statutes." *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). "In determining statutory intent, and this Court's intent in the rules, this Court will look to the plain and ordinary meaning of those words as defined in the dictionary." *Id.* (internal quotation and alteration omitted).

## Analysis

### Courts must enforce the mandatory time limits in Rules 29.15 and 24.035

This Court adopted "Rule 29.15 as the single, unified procedure for inmates seeking post-conviction relief after trial." *Price v. State*, 422 S.W.3d 292, 296 (Mo. banc 2014) (also citing Rule 24.035 as to inmates who plead guilty). Rules 29.15 and 24.035 are interpreted *in pari materia*. *Brown v. State*, 66 S.W.3d 721, 730 (Mo. banc 2002).

In *Dorris*, the Court held Rules 29.15 and 24.035 both specify a motion for postconviction relief "shall" be filed in the time limits established by rule, and "the failure to timely file results in a 'complete waiver' of any right to proceed on the motion." *Dorris*, 360 S.W.3d at 266-67 (quoting Rule 29.15(b) (2008); Rule 24.035(b) (2008)). "The time limits in Rules 24.035 and 29.15 serve the legitimate end of avoiding delay in the processing of prisoner[s'] claims and prevent the litigation of stale claims." *Id.* at 269 (internal quotation omitted). "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the [s]tate does not raise the issue." *Id.* at 268. The state cannot waive noncompliance with the time limits in Rules 29.15 or 24.035. *Id.* This is true even when the state fails to raise timeliness in the motion court, even if the motion court hearing is to determine if

3

appointed counsel abandoned movant, and even if the state fails to brief timeliness or concedes timeliness. The state cannot waive noncompliance with the mandatory postconviction relief deadlines period.

The Court has continued to reaffirm these principles. "[P]ostconviction deadlines 'play such an important role in the orderly presentation and resolution of post-conviction claims that the [s]tate cannot waive them. Instead, motion courts and appellate courts have a duty to enforce the mandatory time limits ... even if the [s]tate does not raise the issue.'" *Moore v. State*, 458 S.W.3d 822, 826-27 (Mo. banc 2015) (Fischer, J., concurring) (third alteration in original) (quoting *Price*, 422 S.W.3d at 297). In *Stanley v. State*, 420 S.W.3d 532 (Mo. banc 2014), this Court unanimously held in the Rule 24.035 context: "The time limits for filing a post-conviction motion are mandatory. The movant is responsible for timely filing the initial motion, and appointed counsel must timely file either an amended motion or a statement that the pro se motion is sufficient." *Id.* at 540 (internal citations omitted).

**The versions of Rules 29.15 and 24.035 in effect at the sentencing date govern**

In this case (and the others handed down simultaneously herewith), this Court changed the deadline for filing an amended postconviction relief motion after the defendants were sentenced but before the amended motion was filed.[2] Accordingly, the

---

[2] Scott was sentenced in November 2020, at which time Rule 29.15 had last been amended effective January 1, 2018. Effective November 4, 2021, this Court amended Rule 29.15. Because Scott did not file his *pro se* motion until April 2022, this amendment occurred well before any operative deadline for filing the amended motion under either the 2020 or the November 4, 2021, versions of the rule. This Court again amended Rule 29.15 effective July 1, 2023. But, because the motion court entered

4

central issue in this case is whether the version of Rule 29.15 in effect at Scott's sentencing date (which at Scott's sentencing date had last been amended effective January 1, 2018) governs his entire postconviction proceedings (no matter when those proceedings started or how long they last), or whether amendments to Rule 29.15 governed Scott's postconviction proceedings when the amendments became effective November 4, 2021.

Ordinarily, unless the rule states otherwise, "a procedural rule applies to all pending proceedings whether commenced before or after the adoption of the rule." *Wiseman v. Mo. Dep't of Corr.*, 710 S.W.3d 29, 36 (Mo. App. 2025). So, a change to the deadline for filing an amended Rule 29.15 motion will apply to a pending Rule 29.15 action (assuming the operative deadline has not run) unless the rule states otherwise. But the version of Rule 29.15 in effect at Scott's sentencing date **does** state otherwise. That is the purpose of Rule 29.15(m), *i.e.*, it changes the presumption that amendments to procedural rules occurring in the middle of an action will apply to that action.

At the time of Scott's sentencing, Rule 29.15(m) provided: "This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 2018." Scott was sentenced in November 2020. Therefore, the version of Rule 29.15 in effect at Scott's sentencing date applies throughout his postconviction proceedings regardless of later amendments. Were the 2021 amendments to Rule 29.15 to apply to Scott's proceedings as he contends they should, the language of Rule 29.15(m)—indeed, the

judgment in Scott's postconviction proceedings in May 2023, the only versions of the rule possibly at issue in his case are the 2020 and November 4, 2021, versions.

entire decision to include Rule 29.15(m)—would be rendered a nullity. This is unacceptable. This Court, like the legislature as to statutes, is presumed to intend "every word, clause, sentence, and provision" of its rules to have effect, and, likewise, it is presumed the Court "did not insert idle verbiage or superfluous language" in its rules. *Treasurer of Mo. v. Penney*, 710 S.W.3d 498, 500 (Mo. banc 2025) (internal quotation omitted).[3]

Because Scott appealed, Rule 29.15(g) specified an amended motion must be filed within 60 days of the earlier of both: (1) the date the mandate issues from the court of appeals, and (2) appointment of counsel or entry of appearance on behalf of the movant by any counsel who is not appointed. Rule 29.15(g) also permitted an extension of this deadline, with no extension to exceed 30 days individually and the total of all extensions not to exceed 60 days. The amended motion the public defender filed on Scott's behalf was not timely filed because it was filed more than 60 days after the earlier of both issuance of the mandate of the court of appeals and entry of appearance by the public defender on Scott's behalf, and because the public defender neither sought nor obtained an extension of the 60-day deadline.

---

[3] This analysis of Rule 29.15(m) (2020) is consistent with the current version of Rule 29.15(m), which, since July 1, 2023, has provided: "For sentences pronounced on or after January 1, 2018, postconviction relief proceedings shall be governed by the provisions of Rule 29.15 in effect on the date of the movant's sentencing." Rule 29.15(m) (2023); *see also* Rule 24.035(m) (2023) (same as to Rule 24.035); Rule 29.15(m) (2025) (same); Rule 24.035(m) (2025) (same).

6

**The abandonment doctrine applies only to appointed counsel**

The Court created the abandonment doctrine in *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). *Price*, 422 S.W.3d at 297. "[T]he abandonment doctrine was created to excuse the untimely filing of ***amended motions*** by appointed counsel under Rule 29.15(e)." *Id.*

In *Gittemeier v. State*, 527 S.W.3d 64, 69 (Mo. banc 2017), the Court held, if appointed counsel abandons a movant by filing an untimely amended motion for postconviction relief, the circuit court may excuse the untimely filing and must adjudicate the amended motion. The Court explicitly held the abandonment doctrine "applies only to situations involving appointed postconviction counsel." *Id.* at 71.

The Court has never held the abandonment doctrine applies to unappointed counsel and declines to so hold now. Scott argues the Court recognized the abandonment doctrine applies to unappointed counsel in *Watson v. State*, 536 S.W.3d 716 (Mo. banc 2018). In *Watson*, decided just four months after *Gittemeier*, the Court remanded a case for an abandonment inquiry when an unappointed public defender filed an untimely amended motion. *Id.* at 717. *Watson* focused on the timeliness of the amended motion, did not cite *Gittemeier*, and offered no analysis of whether the abandonment doctrine applied to unappointed public defenders. "Generally, this Court presumes, absent a contrary showing, that an opinion of this Court has not been overruled *sub silentio*." *State v. Shegog*, 633 S.W.3d 362, 366 n.2 (Mo. banc 2021) (internal quotation omitted). This presumption against overruling precedent *sub silentio*, coupled with the fact *Watson*

did not cite *Gittemeier* and offered no analysis of the issue, shows *Watson* did not overrule or modify *Gittemeier*.

The Court's holding the abandonment doctrine applies only to appointed counsel is consistent with the current version of Rule 29.15(g), which, since November 4, 2021, has provided: "If an amended motion or statement in lieu of an amended motion is not timely filed by ***appointed*** counsel, then the court shall conduct an inquiry on the record to determine if movant was abandoned by ***appointed*** counsel." (emphasis added); *see also* Rule 29.15(g) (2025) (same).

The record reflects the public defender entered an appearance as Scott's counsel without an appointment order. The docket entry sustaining Scott's motion to proceed *in forma pauperis* and ordering notice to the public defender and the prosecuting attorney was not an appointment order. *Creighton v. State*, 520 S.W.3d 416, 419-20 (Mo. banc 2017) (holding a motion court's memorandum notifying the public defender of the *pro se* motion filing was not an appointment order and rejecting the argument the memorandum amounted to a *de facto* appointment); *see also Hopkins v. State*, 519 S.W.3d 433, 434-35 (Mo. banc 2017) (holding a motion court's "order of notification" directing the circuit clerk to notify the public defender of movant's *pro se* motion filing and to provide the motion and any other pleadings the public defender might request was not an appointment order). If counsel is not appointed as counsel of record by an appointment order, the abandonment doctrine does not apply.

Scott requests the Court remand the case for entry by the motion court of an appointment order, arguing the motion court did not comply with Rule 29.15(e), which

8

provides: "Within 30 days after an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." The record reflects Scott filed his *pro se* Rule 29.15 motion on April 11, 2022. On April 22, 2022, well within the 30-day deadline in Rule 29.15(e), a public defender entered an appearance on Scott's behalf. The public defender's entry of an appearance without an appointment order obviates the need for the motion court to appoint counsel under Rule 29.15(e) because the movant is shown of record as represented by counsel. The deadlines in Rules 29.15 and 24.035 are mandatory, however, and movants remain free to seek appropriate relief to ensure a motion court's appointment of counsel complies with the deadlines in Rules 29.15(e) and 24.035(e).

## The Court affirms denial of postconviction relief

After an evidentiary hearing, the motion court entered its judgment denying relief. Because Scott raises no claim of error regarding the denial of any of his three *pro se* claims, the only claims properly before the motion court, the portion of the circuit court's judgment denying those claims is affirmed.[4]

---

[4] The motion court also addressed and rejected the other claims in Scott's amended motion. But because the amended motion was not timely filed and this default cannot be excused under the abandonment doctrine, none of the claims in the amended motion other than Scott's three *pro se* claims were properly before the motion court. The motion court should not have reached the merits of the untimely claims. *Cf. Watson*, 536 S.W.3d at 717 ("When a motion for postconviction relief is filed untimely, the motion court should not reach the merits of the motion." (internal quotation omitted)).

## Conclusion

The judgment of the motion court denying postconviction relief is affirmed.


_____
Ginger K. Gooch, Judge

All concur.